[No. 2367. Decided October 27, 1896.]

Oliver W. Redford, *Respondent,* v. Spokane Street Railway Company, *Appellant.*

Jurors — Qualifications — Constitutional Law — Uniform Laws — Negligence — Proximate Cause — Contributory Negligence — Stenographer's Notes as Evidence.

The act of March 19, 1895 (Laws 1895, p. 139), requiring persons impaneled as jurors to be householders, but making no such requirement of those summoned upon an open venire to complete the panel,

is not unconstitutional as a violation of art. 1, §12, of the constitution, which provides that "no law shall be passed granting to any citizen, class of citizens . . . privileges or immunities which, upon the same terms, shall not equally belong to all citizens."

Where a law is uniform in its operations, in so far as it operates at all, its constitutionality is not affected by the number of persons within the scope of its operation.

The fact that a person in a vehicle, after having driven across a street railway track, stops his vehicle so close to the track, for the purpose of conversing with a friend, that a car cannot pass without colliding, does not necessarily constitute contributory negligence of such a character as to prevent recovery for the negligence of the railway company in causing a collision.

When the defendant's negligence is the proximate cause of the injury, while that of the plaintiff is only a remote cause or a mere condition of it, the action will lie.

A transcript of the stenographer's notes showing the testimony of a witness on a former trial, is not competent evidence for impeaching the witness's testimony in a subsequent trial of the same cause.

Appeal from Superior Court, Spokane County.— Hon. Jesse Arthur, Judge.    Affirmed.

*Griffitts & Nuzum*, for appellant.

*Forster & Wakefield*, and *Everett C. Ellis*, for respondent.

The opinion of the court was delivered by

Gordon, J.—This action was brought to recover damages for injuries resulting from a collision between a car operated by the appellant and a vehicle owned and occupied by the respondent.    The cause was before this court upon a former appeal and is reported in 9 Wash. 55 (36 Pac. 1085).    Upon such appeal this court reversed a judgment entered upon the verdict of the jury in favor of the plaintiff therein (respondent here), and awarded a new trial which resulted in another verdict favorable to the respondent, and from

the judgment entered thereupon in his favor the cause is again before it.

As a first ground of error relied upon for a reversal, the appellant complains of an order of the lower court denying its motion to set aside the panel and venire, from which the trial jury was drawn. In support of this claim appellant insists that the act of March 19, 1895, (Session Laws 1895, p. 139), is unconstitutional, for the reason that it discriminates " against citizens as jurors, if they are not householders. It makes it necessary to be a householder when no such requirement is made of jurors summoned on an open venire; " and that "it is unequal and discriminates against certain classes of citizens and requires qualification for duty inconsistent with the constitution of the state." The particular sections of the constitution relied upon are §§ 12, 21 and 22, of art. 1. We are unable to perceive (and the brief of counsel in no way makes it clear) what bearing §§ 21 and 22, *supra*, have upon the question. Sec. 12, however, provides:

" No law shall be passed granting to any citizen, class of citizens, or corporation other than municipal, privileges or immunities which, upon the same terms, shall not equally belong to all citizens or corporations."

The learned counsel for the appellant cites no authority in support of his contention that the act in question is obnoxious to this provision. On the other hand, we think that the act is constitutional and must be sustained upon the authority of *McAunich v. Mississippi, etc., R. R. Co.*, 20 Iowa, 338; *State v. Mining Co.*, 16 Nev. 432; *Cordova v. State*, 6 Tex. App. 207. That the act requires that jurors shall be householders — a qualification not required by the old law — furnishes no sufficient reason in our judgment for

holding that it is unconstitutional, nor is the question affected by the further fact that that qualification is not a requisite of jurors summoned upon an open venire.. The act of 1895 is uniform in its operations in so far as it operates at all, and its constitutionality is not affected by the number of persons within the scope of its operation.

2. The court, at the instance of the appellant submitted to the jury two special requests for findings, as follows :

"1st. After the plaintiff stopped his horse and buggy at the place of the accident, and before or just at the time of the collision, was the buggy backed or moved closer to the street car track than where it was when the plaintiff first stopped?    No.

"2nd. When the plaintiff stopped his horse and buggy on Bridge street at the point of the accident, was the buggy far enough from the railroad track so that a car could pass in safety if the buggy had remained stationary at the exact place it was when plaintiff first stopped?    No."

It is insisted that these special findings are inconsistent with the general verdict, and that they are sufficient to show that respondent was guilty of contributory negligence which would defeat a recovery, and that appellant is entitled to judgment notwithstanding the general verdict.    In connection therewith we may also consider the failure of the court to instruct the jury in accordance with appellant's request No. 20, which is as follows :

"If plaintiff while riding along the street described in this case as Bridge street stopped in the street it was his duty in law to stop in such a position as to allow the defendant's car to pass without striking his vehicle and to look and see that such was his position, and if he failed to do so, such failure would of itself constitute such contributory negligence as would de-

feat a recovery in this case and your verdict should be for the defendant."

The refusal of the court to give this instruction is assigned as error. Considering these assignments together the theory of appellant is fully disclosed and we do not think it can be maintained.

It appears from the evidence that plaintiff had driven across appellant's track, and after crossing, stopped to converse with a friend, and that while so engaged the collision occurred, and the claim of appellant is that if the respondent stopped his vehicle in such close proximity to appellant's track as not to enable its car to pass without colliding with the vehicle, he was guilty of contributory negligence and cannot recover. We agree with counsel for respondent that plaintiff's nearness to the track was a " condition" of the injury and not the cause of it, and we think that the jury were fully and fairly instructed that plaintiff could not recover unless the defendant's negligence was the proximate cause.

" When the defendant's negligence is the proximate cause of the injury, while that of the plaintiff is only a remote cause or a mere condition of it, the action will lie." Beach, Contributory Negligence (2d ed.), § 54; *Gothard v. Alabama, etc., R. R. Co.*, 67 Ala. 114; *Lay v. Richmand, etc., R. R. Co.*, 106 N. C. 404 (11 S. E. 412); *Newcomb v. Boston Protective Department*, 146 Mass. 596 (16 N. E. 555, 4 Am. St. Rep. 354); *Norris v. Litchfield*, 35 N. H. 271 (69 Am. Dec. 546); *Davies v. Mann*, 10 Mees. & W. 546.

The court in substance instructed the jury that the rights of the parties to the use of the street were mutual, and that in operating its cars along the street the company was required to exercise ordinary care and prudence to avoid injury to others; that persons travel-

ing the street were also held to the same degree of care to avoid injury to themselves, and that such persons when upon streets on which cars are run should "look and listen and be otherwise watchful." The charge as a whole was as favorable to appellant as it had the right to demand, and we think that no reversible error can be predicated upon the charge.

3. For the purpose of contradicting the respondent the appellant offered in evidence what purported to be a certified copy of the transcript containing respondent's testimony given upon the former trial. It was excluded upon respondent's objection and this ruling is assigned as error. The proper method of impeachment would have been to produce the stenographer or some one else who had heard the testimony given by the respondent on the former trial, but a transcript of the stenographer's notes was not competent evidence, and the objection was properly sustained. 1 Thompson, Trials, § 504; *Phares v. Barber*, 61 Ill. 271; *State v. Hayden*, 45 Iowa, 11; *State v. Adams*, 78 Iowa, 292 (43 N. W. 194).

The other rulings complained of have been examined, and no error calling for a reversal being found, the judgment appealed from is affirmed.

ANDERS and DUNBAR, JJ., concur.