[No. 4247.  Decided December 16, 1902.]

30   395
d41  354

ARTHUR ATHERTON, *Appellant,* v. TACOMA RAILWAY and POWER COMPANY *et al., Respondents.*

STREET RAILWAYS — COLLISION WITH TEAM — DANGEROUS RATE OF SPEED — EVIDENCE.

In an action against an electric street car company to recover for injuries resulting from a collision with plaintiff's team, occasioned because of the operation of a car at a high rate of speed, evidence showing that the customary rate of speed of cars on the line was in excess of the limit prescribed by ordinance is irrelevant (*Christensen v. Union Trunk Line*, 6 Wash. 75, followed).

SAME — INSTRUCTIONS.

An instruction, in effect, that no recovery could be had on account of a collision with an electric car, if the speed of the car was within the limit prescribed by ordinance and if the bells were rung, is erroneous, since negligence in the rate of running the car must be determined from all the surrounding circumstances.

NEGLIGENCE — REASONABLE CARE OF PLAINTIFF — PROXIMATE CAUSE — INSTRUCTIONS.

An instruction conveying the idea that slight negligence on the plaintiff's part is sufficient to excuse negligence on the part of

the defendant is erroneous, since the jury should be directed to the question as to whose negligence is the proximate cause of the injury.

SAME — CAUSE OF ACCIDENT — QUESTION FOR JURY.

An instruction assuming as a matter of law that there was negligence in the happening of an accident is erroneous, as that is always a question of fact.

Appeal from Superior Court, Pierce County.—Hon. WILLIAM O. CHAPMAN, Judge. Reversed.

*Govnor Teats,* for appellant.

*C. O. Bates and B. S. Grosscup,* for respondents.

The opinion of the court was delivered by

REAVIS, C. J.—Action by plaintiff (appellant) claiming damages for personal injuries against the Tacoma Railway & Power Company, a corporation organized under the laws of New Jersey, and operating an electric street railway in Tacoma, and Steffins, the motorman and servant of said railway, defendants. The claim of damages is founded on the joint negligence of the defendants in the operation of the car. The allegations of negligence are:

"That upon the evening of the 7th day of December, while the plaintiff was coming down said 21st street with a heavily loaded wagon, hauled by two horses, crossing the said railway track at the intersection of 21st and Pacific avenue, the said plaintiff was permanently maimed and injured and wounded by the negligence of the said defendant company and its agent, servant, and motorman, Clinton A. Steffins, who was in charge of the said car No. 23, struck and collided with the plaintiff and his wagon and team while the plaintiff was on his way down said 21st street and passing over and across said Pacific avenue at the intersection of said streets. . . .

"That, at the time and place where and when the plaintiff received the injuries aforesaid the defendant Steffins

was and for a long time theretofore had been a servant of
the defendant company in charge and control of said car
23, and for a long time theretofore had been continuously
motorman of said car, and said negligence of the said
defendant company was done by and through its said
servant then and there in its employ, and said negligence
was the joint negligence of the said defendants, towit:—
in running its said car from 24th street to the point of
collision at an unreasonable and unlawful rate of speed to-
wit:—at the rate of 30 miles per hour, contrary to the said
ordinance of the city of Tacoma. That said unlawful and
unreasonable speed was in obedience to instructions of the
defendant company. That at said time of the collision,
towit:—5:30 o'clock p. m. on the said 7th day of Decem-
ber, 1900, and at the said place along Pacific avenue, it was
dark and foggy, and the street car was run and conducted
without any bells ringing or any alarms given of its ap-
proach to the said crossing of the said 21st street, and in
utter disregard of the rights of vehicles crossing at 21st
street, and especially this plaintiff.

"That the said plaintiff, when within about 100 feet of
the said crossing, looked both ways up and down Pacific
avenue from said 21st street and saw the said car No. 23,
which collided with plaintiff as herein charged, at or about
23d street, a distance of about 800 feet from the crossing
of 21st street; and, had the said car run at a reasonable
and unlawful rate of speed along down said Pacific avenue
towards 21st street, plaintiff would have had ample and
sufficient time to have crossed the said street car track, as
he had a right to do."

The city ordinance limited the rate of speed of the
car, at the place where the accident occurred, to nine miles
per hour. The defendants answered separately, denying
negligence on their part, and setting up affirmatively con-
tributory negligence of the plaintiff, which is stated in
paragraph 1 of the affirmative defense of the railway com-
pany, as follows:

"That the collision and accident complained of by the

plaintiff occurred solely by reason of the careless and negligent conduct of the plaintiff in failing to take proper or any precautions to guard against the same, and in failing to take proper or any precautions to ascertain whether said car or any car was coming along Pacific avenue at said time and place, or whether it was safe to cross said street car track at said time and place, and without observing the situation at said time and place, and without observing the danger thereof, and, had the plaintiff used proper or any precautions in said respects, or any of them, he could have avoided said collision and said accident.

"This defendant further alleges that said collision and accident occurred solely by reason of the careless, negligent, and wilful conduct of said plaintiff in attempting to drive across and in driving across said street car track, and in full view of an approaching car, and with full notice and knowledge of the imminence of said collision and of the danger thereof."

The evidence for plaintiff tended to show that he saw the car on Pacific avenue, between 700 and 800 feet away, when he was on the cross street—21st street—about 100 feet from the car track on the avenue; that he then believed he could safely cross before the car reached the intersection of 21st street and Pacific avenue; that there were some obstructions preventing a clear view of the car, the head light of which he had seen, until he was about crossing Pacific avenue; that he was driving a heavily loaded van, which was covered, the covering extending a little forward of the driver's seat, and his attention, as he reached the avenue upon which were the tracks, was chiefly directed to the management of his horses. Several witnesses for plaintiff stated that no bell was sounded or signal given of the approaching car, and that the car was running at a high rate of speed, the street being down grade, and at a rate differently stated as from 20 to 30 miles per hour. It was at the time dark, and a fog prevailed. The

evidence on the part of the defendants tended to show that the bell was rung and the signals of the approaching car were duly given, and that the car was running at less than nine miles per hour, and at a moderate rate of speed. The evidence upon all the material issues was substantially conflicting. The plaintiff tendered evidence to show that the customary and habitual rate of speed of the cars of the defendant railway company on Pacific avenue was in excess of nine miles per hour, and that such cars were customarily and habitually run at a high and dangerous rate of speed. This evidence was rejected. The court instructed the jury as follows:

"1.   In this case you have two questions to pass upon: —First, whether or not the defendants were negligent; second, whether or not the plaintiff was careless and negligent in his conduct, and whether, by the use of proper or any precaution, he could have avoided the accident. If you find that the defendants were negligent in the manner that the plaintiff has alleged in his complaint, and that the accident did not occur by reason of the careless and negligent conduct of the plaintiff, then you can go further and inquire into the question of damages. First you must find that the negligence, if your verdict be against the defendant, did occur through the wrongful acts of the defendants, before you can inquire into the question of damages. If you find that the plaintiff was also negligent, as alleged in the defendant's answer, then you need go no further, and your verdict should be for the defendants.

"2.   The court instructs you further that the burden is upon the plaintiff to make out and establish affirmatively by a preponderance of the evidence, the truth of all material allegations contained in his complaint, and, to enable the plaintiff to recover for the injuries of which he complains, he is bound to show affirmatively the wrongful act or omission of the defendants alleged in his complaint; he is bound to show that he sustained injuries by reason of such wrongful or negligent acts; that such injuries as

he sustained and from which he now suffers, if any, were the result of such wrongful and negligent act; and said burden of proving such acts rests upon the plaintiff throughout the trial, and never shifted to the defendants, and the burden is not, and never was at any time during the trial, upon the defendant to show that the plaintiff's injuries would have resulted notwithstanding said wrongful or negligent acts."

At the request of defendants, the court gave the following instructions:

"1.    The first question for you to decide is the rate of speed of the car.    The only charge of negligence against the defendant in the complaint is that the car was running at a high and negligent rate of speed, and that no bell or other alarm was rung in approaching the street.    The ordinance of the city of Tacoma declares that the maximum rate of speed allowed to any car on that portion of Pacific avenue where the accident occurred is nine miles per hour. If you find that the car was not running to exceed nine miles an hour at the time the accident happened, and if you find that the gong or bell was sounded at a reasonable distance before reaching the crossing, you will find for the defendant."

"6.    You are instructed that even though you should find upon the evidence herein, under the instructions given by the court, that the persons operating the street car were in fact guilty of negligence, nevertheless such negligence would be no excuse for any negligence on the part of the plaintiff.    It was his duty to approach the track circumspectly; that is, to observe his surroundings, to employ the faculties by which men are endowed for their self-preservation, and not drive carelessly into a place of possible danger; and if you believe from the evidence that the plaintiff did not observe this ordinary caution your verdict should be for the defendant.

"7.    It is not for you to determine in this case which party, by that I mean the plaintiff, the defendant Steffins, or the defendant the Tacoma Railway & Power Com-

pany, was guilty of the greater degree of negligence. Some one must have been negligent, or the accident would not have happened as it did. If you find from the evidence that the accident was caused by the concurring negligence of both the plaintiff and either of the defendants, your verdict should be for the defendant."

"10. I instruct you that the plaintiff is not to be excused from observing his surroundings by the fact that he was in a covered wagon, and that his vision was partially obscured by the cover. A man is not excused from observation by the position in which he may place himself. That is to say, a man is not allowed to blindfold his eyes, or to place an obstruction in front of his eyes, and then make an excuse for not seeing under circumstances calling for the use of his faculties of observation. Mere inconvenience in taking a position where he could see is no excuse for not seeing. It was the plaintiff's duty before entering on a place of possible danger to use ordinary care and prudence and reasonable diligence to avoid the danger. His conduct is to be measured by all of the circumstances in evidence. Ordinary care is the care that a person of ordinary prudence would use in like circumstances.

"11. If you find from the evidence that plaintiff was seated behind a cover on his wagon so that his vision from the sides of his wagon would be to some extent obscured, then I instruct you that it would devolve upon the plaintiff to use greater care and caution in approaching a place of danger than if his vision was unobscured on both sides."

The verdict upon which judgment was entered was for defendants.

1. The first error is assigned on the rejection of the evidence tendered by plaintiff to show that the customary rate of speed of the said cars on Pacific avenue was greater than the limit prescribed by the ordinance, and a high and dangerous rate. The cases cited on argument have been carefully examined, and it appears they are not in harmony upon this question. Some of those which per-

26-30 WASH.

mit the reception of such testimony have expressed doubts concerning its value, and others have also declared that its admission was not reversible error. Generally, such testimony seems to be regarded as having slight relevancy to the issue, and as rather tending to divert the attention of the jury to extraneous matters. This court seems to have approved the view held by those authorities that refuse to receive such evidence. It was observed in *Christensen v. Union Trunk Line,* 6 Wash. 75 (32 Pac. 1018).

"In view of the fact that there must be a new trial of this cause, we will next consider some of the alleged errors in reference to the admission of testimony over the objections of appellant. It is contended that the court erred in permitting the plaintiff to show that this particular motorman had run his car at a high rate of speed upon other occasions, and we think the court did err in so doing. It was a fact collateral and irrelevant to the issue, and one which the defendant could not be expected to be prepared to rebut without previous notice. 1 Greenl., Ev., § 52."

It is not deemed desirable now to disturb the ruling made in that case.

2.   The errors assigned on the instructions may be considered together. From the instructions it may be generally implied that the defense of contributory negligence is somewhat emphasized. The entire case was correctly submitted to the jury upon the theory of each party, except in the first and second instructions, which contain certain words that may be subject to criticism. But some of the instructions given at the request of the defendants do not seem to be in accord with the decisions announced by this court. Instruction No. 1, given at the request of defendants, directs, if the jury find the speed of the car was within nine miles,—the limit of the ordinance,—and the bells were rung, they must find for defendants. Whether the rate at which the car is running is negligent must be

found in view of all the surrounding circumstances. Safety in the speed is relative, and depends on the facts in the case, and, where they are disputed, it must be submitted to the jury. *Roberts v. Spokane Street Ry. Co.,* 23 Wash. 325 (63 Pac. 506, 54 L. R. A. 184). The jury had already been correctly instructed on the effect of the ordinance as a rule of care in the operation of the cars, but the duty imposed on the defendants was reasonable care in the rate at which its car was running in view of all the facts occurring at the time of the accident. In the sixth instruction it is in substance declared that negligence on the part of the defendants would not excuse "any negligence" on the part of plaintiff. This instruction, taken in connection with the first one given by the court, where it is said the second inquiry is whether "the plaintiff was careless and negligent in conduct, and whether by the use of proper or *any precaution* he could have avoided the accident," seems to convey the idea that slight negligence will prevent a recovery by plaintiff. This is not the rule that has been announced in this state. In *Spurrier v. Front Street Cable Ry. Co.,* 3 Wash. 659 (29 Pac. 346), the refusal of the trial court to give the following portion of the instruction: "I further instruct you that, if it appears from the evidence that the plaintiff was guilty of any negligence whatever which contributed to cause the injury complained of in this action, or concurred with the negligence of the defendant, if any, in producing it, then your verdict must be for the defendant," was approved. It was observed:

"The latter part of the instruction is too broad. The person charged with contributory negligence cannot be held to any greater degree of care than the company is. But the defendant asks the court to charge the jury that the defendant cannot recover if she is guilty of 'any negligence

whatever;' while in demand 8 he asks the court to charge the jury that the railroad company is only held to 'exercise ordinary care and caution.' The doctrine of contributory negligence has been carried to a considerable extent by some of the courts, but we think never quite to this extent. Due and reasonable care and caution were imposed upon both the plaintiff and the defendant by the instructions of the court, and while many courts have undertaken to elaborate these expressions, and have occupied many pages in defining them, it is doubtful if any instruction, however elaborate, could convey to the jury a better understanding of the law, and of the rights of the parties under the law, than is conveyed by the instructions of the court in this case. 'Due and reasonable care and caution,' said the court, 'means that degree of care and caution which might reasonably be expected of a reasonably prudent person under the circumstances surrounding him or her at the time in question.' This definition we think is terse, comprehensive and correct."

In *Cowie v. Seattle,* 22 Wash. 659 (62 Pac. 121), the following instruction was held erroneous:

"You are further instructed that if you find from a preponderance of the evidence that the plaintiff, W. H. Cowie, was himself guilty of any negligence, and that such negligence was itself a cause of his injury, then you have no right to take into consideration the question whether the plaintiff W. H. Cowie or the defendant was more or less negligent in the premises; and if you find that such W. H. Cowie was so guilty of negligence which directly caused such injury, then it is your duty to find for the defendant, and it would make no difference in such case whether any defect in the sidewalk assisted in causing such injury."

The court observed of this instruction:

"The seventh instruction which was given to the jury at respondent's request is also erroneous, and is contrary to the doctrine announced by this court in *Spurrier v. Front Street Cable Ry. Co.,* 3 Wash. 659 (29 Pac. 346). In that case the defendant asked the court to instruct the jury that,

'if it appears from the evidence that the plaintiff was guilty of any negligence whatever, which contributed to cause the injury complained of in this action, or concurred with the negligence of the defendant, if any, in producing it, then your verdict must be for defendant.' And we there held that the instruction was properly refused on the ground that it imposed a greater degree of care on the plaintiff than the law required. The law does not require the plaintiff in an action for personal injuries to be absolutely free from any negligence whatever in order to recover, for such a requirement would impose upon him a duty of exercising extraordinary care and prudence, which is not the standard by which his negligence is measured. All the law requires of the plaintiff, in such cases, is the exercise of ordinary care, under the circumstances surrounding him, and this he may do, although he may be guilty of some slight negligence, in the broadest sense of that term."

In *Redford v. Spokane Street Ry. Co.*, 15 Wash. 419 (46 Pac. 650), it was said that when the defendant's negligence is the proximate cause of the injury, while that of the plaintiff is only a remote cause, or a mere condition of it, the defendant is still liable. The seventh instruction seems to assume, as a matter of law, that there was negligence in the happening of the accident. This was a question appropriately for the jury. The eighth and ninth instructions seem to rather emphasize the idea that the specific omissions mentioned therein constitute negligence. The second instruction of the court first set out is rather confused, but probably was relieved by the last instruction which was given, stating correctly the burden of proof in contributory negligence.

For the errors mentioned in instructing the jury, the cause is reversed and remanded for a new trial.

DUNBAR, MOUNT and ANDERS, JJ., concur.