[No. 12807.    Department One.    February 29, 1916.]

JOHN DE LYS, *Respondent*, v. POWELL-SANDERS COMPANY, *Appellant*.[1]

MUNICIPAL CORPORATIONS—STREETS—NEGLIGENT USE—COLLISION—CONTRIBUTORY NEGLIGENCE—INSTRUCTIONS. An instruction as to plaintiff's contributory negligence, when his buggy was hit by defendant's automobile, is not erroneous as indicating that, to bar a recovery, it must have been the sole cause of the accident, where the jury were told that there could be no recovery if plaintiff failed to exercise reasonable care and his negligence contributed to the producing of the collision in an appreciable degree and was the efficient and proximate cause of it; it appearing that "efficient" was used synonymously with "proximate" and was intended only as stating the necessity of a causal connection between contributory negligence and the injury.

DAMAGES—PERSONAL INJURIES—EXCESSIVE VERDICT. A verdict for $480 for personal injuries and damage to a buggy and harness is not excessive where plaintiff was unable to work for six weeks and sustained contusions and bruises causing considerable pain and suffering.

Appeal from a judgment of the superior court for Spokane county, Webster, J., entered November 21, 1914, upon the verdict of a jury rendered in favor of the plaintiff, in an action in tort. Affirmed.

*Zent, Powell & Redfield*, for appellant.

*William A. Monten*, for respondent.

[1]Reported in 155 Pac. 407.

FULLERTON, J.—The respondent, John De Lys, while riding in a buggy drawn by a horse along an asphalt paved street in the city of Spokane, was run into by an automobile which approached from the rear, driven by a salesman of the appellant, Powell-Sanders Company. The collision injured the buggy and harness, and threw the respondent to the pavement, causing him personal injuries. The respondent conceived that the collision was due to the negligence of the driver of the automobile and brought the present action to recover in damages for the injuries suffered. Among the defenses set up by the appellant, was that of contributory negligence. The trial resulted in a verdict and judgment for the respondent in the sum of $480.

Two errors are assigned for reversal, first, that the court erred in its instructions to the jury on the subject of contributory negligence; and second, that it erred in refusing to grant the appellant's motion for a new trial on the ground that the verdict is excessive and the result of passion and prejudice on the part of the jury.

The instructions of which complaint is made are the following:

"So that in its last analysis, the issues presented for your deliberation in this case are these: The question of whether or not the defendant company through its agent, Mr. Solomon, was guilty of negligence in the manner referred to in the complaint, and whether, if he were guilty of such negligence, such negligence on his part was the direct and proximate cause of the injuries sustained by the plaintiff in his person and property, if any. And the additional question of whether or not, at the time and upon the occasion in question, the plaintiff was guilty of contributory negligence, that is to say, whether or not he was observing reasonable and ordinary care for his own protection, and that such negligence on his part was the efficient and proximate cause of the injury, and contributed thereto in the breach of his duty.

"With respect to the doctrine of contributory negligence the duty of the plaintiff to exercise, upon the time and occasion in question, reasonable care and caution for his own

safety, is measured by the same standard. It is that degree of care which an ordinarily prudent and careful person similarly situated as shown by the evidence in this case, would have observed, and the failure to exercise such care would be negligence on his part, and if such negligence, if any, contributed to the producing of the collision in an appreciable degree, and was the efficient cause of it, then the plaintiff could not recover, although the defendant were guilty of negligence as charged in the complaint."

The appellant argues that these instructions are erroneous because they embody the idea that, to defeat recovery on the part of the respondent, his negligence must have been the sole and only cause of the injury, whereas, by contributory negligence is meant negligence in any appreciable degree on the part of the person injured which proximately and naturally contributes to his injury.

If the language used by the court, taken in its ordinary and usual acceptation, conveys the meaning imputed to it by the appellant, it is clearly erroneous, since contributory negligence, as the term itself implies, need not be, in order to bar a recovery, the sole cause of the injury of which complaint is made. But it seems to us that the language used is not susceptible of this meaning. While it is not the most happy that could have been chosen to express the idea intended, it plainly does not say in terms that the plaintiff's negligence, to bar a recovery, must have been the sole cause of the injury, as the jury are told that no recovery can be had if the plaintiff's negligence "contributed to the producing of the collision in an appreciable degree." The court, it is true, went further and told the jury that the respondent's negligence to be a bar must have been "the efficient and proximate cause of the injury, and contributed thereto," but in this it is plain that the court intended to do no more than state to the jury the necessity of a causal connection between the respondent's negligent act and the injury. A mere failure on the part of the respondent to exercise ordinary care

while driving on the street would not bar a recovery if his neglect in that respect in no way contributed to the accident. On the contrary, to quote from an authority cited by the appellant, there must have been "a proximate connection between such failure to exercise ordinary care and the injury, so direct and immediate that but for such want of ordinary care the injury would not have occurred." The appellant's principal criticism is of the use of the word efficient in this connection. But we think that the jury could not have understood it to be used other than as a synonym for proximate; and manifestly, had the word been omitted, no prejudicial error could have been grounded upon the instruction.

The second contention is also without merit. While the injuries to the respondent were not serious, still he was caused some loss in property, was unable to pursue his ordinary calling for a period of about six weeks, and suffered contusions and bruises which caused him considerable pain and suffering. The verdict is not in itself large, and we cannot say, on the face of the record, that it was so grossly disproportionate to the losses suffered as to warrant us in interfering with it.

The judgment is affirmed.

Morris, C. J., Mount, Chadwick, and Ellis, JJ., concur.