[No. 14779. Department Two. July 16, 1918.]

EDWARD PETERSON, *Respondent*, v. CHRIS PALLIS, *Appellant*.[1]

MUNICIPAL CORPORATIONS—USE OF STREETS—ACTIONS FOR NEGLI-·
GENCE—PLEADING. In an action for personal injuries sustained in a collision with an automobile, a complaint, alleging that defendant was driving at an unlawful speed and pleading an ordinance fixing the speed limit at twenty miles an hour, is good as against a motion to strike or make more definite and certain; Rem. Code, § 291, providing that the court shall take judicial notice of an ordinance so pleaded.

SAME—USE OF STREETS—ACTIONS FOR NEGLIGENCE—INSTRUCTIONS. In an action for personal injuries sustained in a collision with an automobile, it is error to instruct that the defendant would be liable if it was found that he was driving on the wrong side of the street, where he was on the wrong side to avoid automobiles parked on the right side, and since it was not negligence *per se* to drive on the wrong side.

Appeal from a judgment of the superior court for King county, Smith, J., entered December 12, 1917, upon the verdict of a jury rendered in favor of the plaintiff, in an action in tort. Reversed.

*Ryan & Desmond*, for appellant.
*Oscar G. Heaton*, for respondent.

[1]Reported in 173 Pac. 1021.

CHADWICK, J.—This action arises out of a collision between plaintiff's motor-cycle and defendant's automobile. Trial was had, resulting in a verdict in favor of plaintiff.

It will be necessary to notice but two assignments of error. The first is that the court erred in overruling the motion to strike certain matter from the amended complaint, and thereafter erred in denying defendant's motion to make the complaint more definite and certain. Plaintiff alleges:

"That said accident happened more particularly as follows, to wit: the plaintiff is in the employ of the Seattle Construction and Dry Dock Co., as a ship carpenter and received a salary of $7.50 per day of ten hours; that on the day in question, which was Saturday, the employees of said company ceased work at noon; that a large number of them were crossing said Whatcom avenue at the hour above mentioned; that plaintiff was on the south side of said body of men, on his motor-cycle and was not going faster than three or four miles per hour, and had reached a point past the middle or east of the middle line of said street and was just in the act of turning north upon the east side of said street when the defendant, driving negligently and carelessly and at an unlawful rate of speed in a southerly direction upon the easterly side of said avenue, struck plaintiff's motor-cycle, turning it around in the opposite direction from which it was going, and knocked plaintiff off said motor-cycle and ran completely over said plaintiff and his said motor-cycle."

This was followed by a plea of ordinance No. 24,597 of the city of Seattle, by title. The statute, Rem. Code, § 291, provides that, when an ordinance is so pleaded, the court shall take judicial notice of the ordinance and its tenor and effect. It is provided in the ordinance that automobiles shall not be driven at a speed greater than twenty miles per hour between street intersections. The legal effect of the pleading is that the auto-

mobile was driven at a greater speed than twenty miles an hour. The allegation, therefore, that the automobile was driven at an unlawful rate of speed and upon the easterly side of the avenue, made the complaint good as against a motion to strike and a motion to make more definite and certain.

The court instructed the jury that it might find a verdict against the defendant if it found from the evidence that he was driving his machine on the wrong side of the highway. This instruction was erroneous for two reasons. One is that the defendant was not driving his machine on the wrong side of the highway. That he was on the wrong side of the highway at the time the accident occurred may be admitted, but the testimony shows that he turned his machine to the wrong side of the highway in order to avoid vehicles that were parked along the right-hand side of the street, and continued in furtherance of an ill-timed attempt to avoid striking the plaintiff. The other reason for holding the instruction bad is that, ever since the case of *Segerstrom v. Lawrence,* 64 Wash. 245, 116 Pac. 876, we have held that it is not negligence *per se* to drive on the wrong side of a highway. Such a showing would make a *prima facie* case against one so charged and put upon him the burden of justifying his position, but beyond this the law does not go. Berry, Automobiles (2d ed.), § 171; *Hartley v. Lasater,* 96 Wash. 407, 165 Pac. 106; see, also, *Sheffield v. Union Oil Co.,* 82 Wash. 386, 144 Pac. 529.

The mere driving of a machine on the wrong side of a street will not sustain a verdict unless it is shown that it was the proximate cause of the injury.

The jury was instructed upon the doctrine of the last clear chance. Without reviewing the testimony, we are convinced that there is no room for the application of that doctrine in this case. Inasmuch, however, as

this doctrine depends upon the facts of the particular case, and since the case must be retried, we leave that question without discussion and to the discretion of the trial judge, who will hear the case upon a new record.

Reversed and remanded for a new trial.

MOUNT and HOLCOMB, JJ., concur.