[No. 16920. Department One. March 27, 1922.]

EDWARD HULLIN et al., Respondents, v. SEATTLE TAXICAB COMPANY, Appellant.[1]

MUNICIPAL CORPORATIONS (379, 383, 392)—USE OF STREETS—MUTUAL RIGHTS AT CROSSINGS—CONTRIBUTORY NEGLIGENCE—INSTRUCTIONS. Under an ordinance giving the right of way to vehicles on the right in the case of simultaneous approach to a street intersection, it is not error to instruct that a vehicle on the right, which admittedly was first to reach the intersection, would have the right of way; and it was not error to refuse an instruction that such driver would be guilty of contributory negligence precluding a recovery if on the wrong side of the street, where it omitted the element that such fact must have contributed to the accident.

APPEAL (445)—HARMLESS ERROR—ARGUMENT OF COUNSEL. Error cannot be predicated upon an improper remark by counsel in addressing the jury, which was in answer to an equally improper remark of opposing counsel, where the court immediately instructed the jury to disregard it.

Appeal from a judgment of the superior court for King county, Gilliam, J., entered July 20, 1921, upon the verdict of a jury rendered in favor of the plaintiffs, in an action for damages sustained through an automobile collision. Affirmed.

[1]Reported in 205 Pac. 403.

*Bogle, Merritt & Bogle,* for appellant.

*Fred W. Catlett,* for respondents.

TOLMAN, J.—Respondents sue to recover for damages to an automobile truck owned by them, sustained in a collision with a taxicab belonging to appellant, alleged to have been caused by the negligence of the driver of the taxicab. From a verdict against it in the sum of $266.49, and a judgment thereon, appellant brings the case here by appeal.

It appears that, at the time in question, respondents' truck was proceeding westward on Spring street, in the city of Seattle, toward the intersection of that street with Railroad avenue. Spring street, to the east of Railroad avenue, is used largely by commission merchants. Both sides of the street ordinarily are, and at the time in question were, occupied by trucks and vehicles backed up to the curb, so that one driving a truck through must necessarily drive at about the center of the street. Respondents' truck, heavily loaded, was so driven along the center of Spring street. Railroad avenue, which runs north and south, is occupied by a number of lines of railroad track, is paved only with plank laid lengthwise, and vehicular traffic is confined to the portions of the street not at the time used or occupied by moving trains or stationary cars. Appellant's taxicab was proceeding north toward Spring street on Railroad avenue, from three to five feet west of a line of box cars which extended all the way to Spring street and cut off the view of each of these drivers of the other. Respondents' truck was admittedly the first to reach the intersection, and also admittedly encroached upon the left half of Spring street, the extent of such encroachment being sharply disputed. It was proceeding very slowly on account

of the character of its load, and the roughness of the street caused by the railroad tracks over which it was passing. As it proceeded due west sufficiently to permit the drivers of the two vehicles, looking past the box cars, to see each other, the appellant's taxicab was still distant from the intersection 65 feet, and traveling in excess of 40 miles per hour, according to the testimony of the driver of the truck, or 30 feet and traveling at the rate of 18 or 19 miles per hour, according to the testimony of the taxi driver. The testimony regarding the unsuccessful efforts of each of them to then avoid the collision does not clarify or change the questions now presented, and need not be detailed. It is first urged that the trial court erred in giving an instruction, as follows:

"The ordinance provides that drivers approaching a street intersection shall look out for and give right-of-way to vehicles on their right simultaneously approaching a given point.

"The proper construction of this ordinance is that a vehicle entering a street intersection first has the right-of-way over one subsequently entering the intersection, but if they enter the intersection simultaneously or at the same time, then it will be the duty of the driver of the vehicle having the other vehicle on his right to give the right-of-way to the other vehicle.

"In this case, if you should find that the plaintiffs' truck and defendant's taxicab entered the street intersection simultaneously, then it will be the duty of the driver of the taxicab to give the right-of-way to the truck, as the truck would be on his right as he entered the intersection.

"If you should find from the evidence that plaintiffs' truck had the right-of-way, then that would impose upon the driver of the taxicab the necessity for continuous observation in the endeavor to avoid collision; and it is the duty of the one approaching from the left to approach at a speed sufficient to permit the

other machine to cross the point of intersection in front of him."

It is urged that by this instruction the jury was permitted to determine which vehicle first entered the intersection. It was an admitted fact that the truck entered the intersection far in advance of the taxicab, but of this, assuredly appellant cannot · complain. However, the main contention is that this instruction cast upon the appellant the duty of giving the right of way to, and of continuous observation in an endeavor to avoid collision with, the truck, which was admittedly to some extent on the wrong side of the street in violation of the city ordinance, and whose driver, it is contended, therefore, was guilty of negligence *per se.* In other words, that this instruction gave to a vehicle traveling on the wrong side of the street the right of way over a vehicle approaching from the left. The instruction is not as happily worded to fit the facts of the case as it might have been; but since we have frequently held that it is not negligence *per se* to drive on the wrong side of the highway (*Peterson v. Pallis,* 103 Wash. 180, 173 Pac. 1021; *Hartley v. Lasater,* 96 Wash. 407, 165 Pac. 106; *Segerstrom v. Lawrence,* 64 Wash. 245, 116 Pac. 876), and also that the mere presence of a vehicle on the wrong side of the street will not sustain a verdict or constitute contributory negligence, unless it is shown to have been the proximate cause of the injury (*Peterson v. Pallis, supra; De Lys v. Powell-Sanders Co.,* 90 Wash. 31, 155 Pac. 407; *Bullis v. Ball,* 98 Wash. 342, 167 Pac. 942), we must hold that, under the facts here shown, it was for the jury to say whether the position of respondents' truck was the proximate cause of or contributed materially to the injury. There was evidence, disputed it is true, from which the jury may have found in favor of re-

spondents upon one or more of the following questions: (a) Would the accident have happened substantially as it did, and solely because of the excessive speed of the taxicab, if respondents' truck had been wholly upon the right side of the street? (b) If the taxicab had approached the intersection at a speed within the limit fixed by the city ordinance, could it have been stopped before reaching the point of collision, or slowed down sufficiently to have permitted the truck to pass in safety beyond the danger point? (c) If the taxicab had been traveling at a lawful rate of speed, could it, after the danger became apparent, have been turned to the right so as to have passed safely between the truck and the standing freight cars, so as to proceed easterly upon Spring street, thus pursuing the course which its driver testified he intended to follow? An affirmative answer to any of these questions would necessarily be a determination that the excessive speed of the taxicab was the proximate cause of the accident, and that the position of the truck, encroaching more or less upon the left or wrong side of the street, did not cause or materially contribute thereto. The real issue as here outlined was fairly submitted by other instructions.

From what has been said it reasonably follows that the trial court did not err in refusing to give appellant's requested instruction with reference to the truck being upon the wrong side of the street, because that instruction omitted the necessary element that such fact, if found, must have caused or contributed to the accident.

The third point argued relates to a supposed improper remark of counsel in addressing the jury. Aside from the fact that the remark objected to seems to have been in answer to an equally improper remark

of opposing counsel, the court immediately instructed the jury to disregard such remarks, and we cannot presume that the jury disregarded the court's instruction.

Finding no reversible error, the judgment is affirmed.

PARKER, C. J., FULLERTON, MITCHELL, and BRIDGES, JJ., concur.