[No. 22439. *En Banc*. April 27, 1931.]

S. H. PRICE, *Appellant,* v. J. E. GABEL *et al., Respondents.*[1]

[1]Reported in 298 Pac. 444.

276

C. D. *Cunningham* and *Ponder & Ponder*, for appellant.

*Hull & Murray*, for respondents.

FULLERTON, J.—In this action, the appellant, Price, sought to recover in damages against the respondents Gabel for personal injuries inflicted upon him, as he alleged, by the negligent operation of an automobile of the respondents. A general demurrer was interposed to his complaint, which the trial court sustained. He refused to plead further, whereupon the court entered a judgment dismissing his action. The appeal is from the judgment so entered. The ultimate question presented by the appeal is, therefore: Does the complaint state facts sufficient to constitute a cause of action?

The allegations of the complaint material to the question involved are the following:

"III. That the defendants now are and at all times herein mentioned have been residents of Lewis county, Washington, and have been and now are engaged in the business of buying, selling and repairing of automobiles, their place of business being on Market street in the city of Chehalis, Washington, said business being carried on under the firm name and style of St. Helens Garage.

"IV. That at all the times herein mentioned there was in full force and effect a certain city ordinance of the city of Chehalis, Washington, the same being No. 424-A and entitled:

" 'An ordinance regulating travel and traffic on the

streets of the city of Chehalis, Washington, providing penalties for the violation thereof, repealing ordinances or parts of ordinances in conflict herewith, and all prior traffic ordinances, and declaring an emergency,'
the same having been passed by the city commission of the city of Chehalis, Washington, on the 13th day of June, 1927, and approved thereafter by the mayor of said city on the said 13th day of June, 1929, and in subdivision 8 of section 1 of said ordinance, among other things, it is provided as follows:

" 'Before backing ample warning shall be given and while backing unceasing vigilance must be exercised so as not to injure those behind.'

"V. That the said plaintiff is now and for many years last past has been engaged in the business or profession of photographer and that on or about the 27th day of May, 1929, in the afternoon of said day, said plaintiff was attempting to take a photograph of a certain building or premises located on the west side of Market street in the city of Chehalis, said Market street being one of the principal thoroughfares of said city and extending in a northerly and southerly direction, and the said building of which the plaintiff was attempting to take a photograph being almost opposite the garage building in which said defendants were engaged in carrying on their said business, and at the day and time aforesaid the plaintiff had set his camera about the middle of Market street and almost directly opposite the building used and occupied by said defendants as aforesaid, said camera being situate about midway between the curb lines of Market street and at a distance of approximately 35 or 40 feet from the front of the building occupied by the defendants for garage purposes, and as plaintiff was in the act of taking said photograph as aforesaid, and after plaintiff had looked in a northerly and southerly direction on Market street to ascertain, and did ascertain, that said Market street was free from traffic moving in either a northerly or southerly direction, and having theretofore set and focused his camera as aforesaid, and at all times exercising due care and caution, and while his back was turned to said building occupied by said defend-

ants, and the driveway leading therefrom into Market street, and at all times being in plain view of defendants, their servants and agents, and while plaintiff was oblivious to danger from that direction, all of which was known to defendants, their servants and agents, or by the exercise of ordinary care on their part could have been known, the said defendants, their servants, agents and employes, carelessly, negligently and unlawfully, and without giving said plaintiff, or any one else using said street, ample warning, or any warning at all, and without exercising unceasing vigilance, or any vigilance at all, and without any warning by horn or otherwise, suddenly and with great, dangerous and excessive speed backed an automobile out of the driveway from said garage building in a westerly direction, and while plaintiff's back was turned as aforesaid, and while plaintiff was oblivious to any danger from that direction, all of which was well known to said defendants, their agents, and servants, or by the exercise of ordinary care could have been known to them, struck said plaintiff with great force and violence, knocking him to the pavement and destroying his camera, and as a result thereof plaintiff suffered the injuries hereinafter set forth.''

The record does not disclose the reasons which actuated the trial court in holding that the complaint did not state a cause of action. We gather, however, from the arguments of counsel, that it did not rest its conclusion on the ground that the acts of the respondents did not constitute negligence, but rested it rather on the ground that the appellant himself was guilty of negligence, and that his negligence so far contributed to his injury as to bar his right to a recovery.

Preliminarily, the appellant suggests a question which may be noticed here. He contends that he violated no positive rule of law in taking the position in the street he did take, and in proceeding with the business he had in hand.

But we think his act was in direct violation of the

provisions of the ordinance he pleads in his complaint. He pleads the ordinance, it is true, for one purpose only—the purpose of showing that the respondents backed their automobile into the street without giving ample warning, and without exercising that unceasing vigilance the provisions of the ordinance enjoined upon them. But, having pleaded the ordinance, the ordinance was before the court for all purposes, and the court could properly examine it for the purpose of ascertaining whether it contained provisions making the acts and conduct of the appellant unlawful.

Turning to the ordinance, we find a number of provisions which it could be said the appellant violated, but we think we need cite no other than its sections two and ten. Section two provides:

"It shall be unlawful for any person or persons to engage in any . . . occupation, upon any street or avenue in the city of Chehalis."

Section ten provides:

"All obstruction to traffic on either streets or sidewalks of any kind, nature, or character, is hereby prohibited; and if necessity demands the temporary obstruction of either the street or sidewalk by any kind of material, the person desiring to so obstruct the street or sidewalk must first obtain a permit from the city so to do."

Plainly, we think, the appellant violated these provisions of the ordinance. Without question, his act in setting up his camera in the middle of the street and proceeding to take a picture of a building on the margin of the street, was to engage in an occupation in the street, and was to obstruct traffic thereon.

The ordinance is a positive law, and its violation was the violation of a positive law. *Engelker v. Seattle Electric Co.*, 50 Wash. 196, 96 Pac. 1039; *Hillebrant v. Manz*, 71 Wash. 250, 128 Pac. 892; *Johnson v. Heit-*

*man,* 88 Wash. 595, 153 Pac. 331; *Twedt v. Seattle Taxicab Co.,* 121 Wash. 562, 210 Pac. 20. This court has many times held that to violate a positive law is in itself negligence (see *Keller v. Breneman,* 153 Wash. 208, 279 Pac. 588, and the cases there collected). There can be no question, therefore, but that the appellant's conduct constituted negligence as matter of law.

But it is not the rule that any degree of negligence on the part of a person injured which contributes to an injury will bar a recovery against the person who by his negligence commits the injury. The negligence of the injured person before this result will follow must have contributed to the injury in some material degree, or, as we have sometimes expressed it, in an appreciable degree. Slight or inconsequential negligence will not operate as a bar. The negligence must have been of such a character as to show a want of ordinary or reasonable care on the part of the injured party; that degree of care and caution which an ordinarily prudent person would exercise under like or similar circumstances. *Spurrier v. Front Street Cable R. Co.,* 3 Wash. 659, 29 Pac. 346; *Atherton v. Tacoma R. & Power Co.,* 30 Wash. 395, 71 Pac. 39; *Bullis v. Ball,* 98 Wash. 342, 167 Pac. 942; *Peterson v. Pallis,* 103 Wash. 180, 173 Pac. 1021; *Hullin v. Seattle Taxicab Co.,* 119 Wash. 311, 205 Pac. 403; *Twedt v. Seattle Taxicab Co.,* 121 Wash. 562, 210 Pac. 20.

The main question for determination, therefore, is whether the negligence of the appellant contributed to his injury to such a material or appreciable degree as to require the court to hold, as matter of law, that it stands as a bar to his right to a recovery. On this question, the appellant argues that his presence in the street was a mere condition of the accident, making the accident possible, but not constituting its

proximate cause, and draws the conclusion therefrom that the question was for the jury.

To sustain the contention he cites our case of *Redford v. Spokane Street R. Co.*, 15 Wash. 419, 46 Pac. 650. The facts of the cited case are somewhat meagerly stated in the opinion to which reference is made. The case, however, was before the court on a former appeal (9 Wash. 55, 36 Pac. 1085), and a reference to the facts as there recited will show that the plaintiff in the case was injured on a public street of the city of Spokane; that, in driving a vehicle in which he was riding across the street on which the defendant company operated a street car line, he stopped the vehicle in such close proximity to the street car tracks that it was struck by a passing street car. It was contended that the driver of the vehicle was guilty of contributory negligence, as matter of law, and could not recover for the injuries suffered.

We refused to sustain the contention, saying "that plaintiff's nearness to the track was a 'condition' of the injury and not the cause of it," quoting from Beach on Contributory Negligence the statement: "When the defendant's negligence is the proximate cause of the injury, while that of the plaintiff is only a remote cause or a mere condition of it, the action will lie."

While it may be somewhat difficult to point out the application of the expressions used to the question then under consideration, we do not now doubt that the case was rightly determined. In that instance, there was no question of a violation of a positive law. The rights of the parties in the street were mutual. The plaintiff had as much right to use the street for his purposes as the street car company had for its purposes. In so far as positive law is involved, he had the right to stop his vehicle at any place in the street he

chose to stop it, even if the place was upon the street car tracks. Whether, therefore, he was guilty of negligence in stopping his vehicle at the place he did so stop it, and whether, if the defendant negligently ran its street car into his vehicle, his negligence contributed to his injury in a material or appreciable degree, were questions of fact to be determined by the triers of the fact from a consideration of all of the concomitant circumstances. It did not present a question of law.

But the conditions here are different. The rights of the parties in the street were not mutual. The appellant, for the uses he was making of the street, had no rights therein at all. He was there in violation of a positive law, and, in being there, was guilty of negligence as a matter of law. It was not so with the respondents. They were using the street for the purposes it was intended to be used, and, of course, violated no positive law in making the use of it they did make. They had the right to back their automobile from the garage into the street, and, if they were guilty of negligence at all in so doing, it is because they did not obey the requirements of the law governing their action; that is to say, they did not give ample warning of their intent to back into the street, and did not exercise unceasing vigilance so as not to injure those behind them. Had they, in so doing, injured some one on the street who was rightfully there, even though the person injured might have been guilty of negligence, it possibly would have been a question for the jury whether the negligence so far contributed to the injury as to bar a recovery for the injury.

But the law does not favor one who violates positive law. He is held, and should be held, to a much greater strictness than is one whose negligence consists of mere failure to perform a duty. Before he will be permitted

to recover for injuries inflicted upon him by another, it must be clear that his wrong did not contribute to his injury in any material or appreciable degree.

In this instance, we feel that the court must say, as matter of law, that the negligence of which the appellant pleads himself guilty does show that it contributed to his injury in a material and appreciable degree. The street upon which he placed himself was one of the principal thoroughfares of the city of Chehalis. He took a position thereon immediately in front of the door to a public garage, where he could expect cars to be entering or leaving at any time, possibly the most dangerous of any situation in the immediate vicinity. Yet, in spite of all this, he took no precaution for his own safety. He did not even have a helper who might have acted as a look-out to warn him of the approach of vehicles, or warn operators of vehicles of his dangerous situation. In fine, in violation of law he went into the center of a usually busy street, set up his photographic camera, and proceeded about his immediate business of taking a picture, depending wholly upon the vigilance of others to protect him from injury. This, we think, was clearly negligence which contributed to his injury in a material degree.

But one person has no right to inflict an injury upon another wilfully or wantonly, even though that other be himself guilty of negligence as matter of law, and it remains to inquire whether the complaint charges wilful or wanton negligence. Where the specific statements of facts show a case of ordinary negligence, epithets, thrown in to characterize the acts, will not enlarge the specific statements into a charge of wanton and wilful negligence. To constitute a wilful and wanton injury, the act which produced it must have been knowingly and intentionally committed, or

it must have been committed under such circumstances as to evince a reckless disregard of the safety of the person injured, by failing, after discovering his peril, to exercise ordinary care to prevent the impending injury. The complaint does not meet these requirements; there is not a positive allegation therein that the respondents, knowing the situation of the appellant, backed their automobile upon him. The allegation is that they knew or, by the exercise of ordinary care, could have known of his situation. In other words, the allegation is in the alternative, and such an allegation is only as strong as the lesser allegation. *Sicklick v. Schasseur,* 221 App. Div. 742, 225 N. Y. Supp. 279; *Anderson v. Minneapolis, St. P. & S. S. M. R. Co.,* 103 Minn. 224, 114 N. W. 1123.

Our conclusion is that, from the facts pleaded, it appears as matter of law that the appellant in the action was guilty of such negligence contributing to his injury as to bar a recovery on his part. The judgment is, therefore, affirmed.

BEALS, MILLARD, MAIN, and HOLCOMB, JJ., concur.

TOLMAN, C. J. (concurring)—I cannot accept the theory that appellant was engaged in business upon the street within the meaning of the ordinance, nevertheless when he so entered upon the street in the face of known conditions, he was bound to exercise care commensurate with those conditions, and having failed to plead that he did so, and having also failed to plead that respondent knew of his situation, he failed to state a cause of action. I therefore concur in the result.

PARKER, J. (dissenting) — The majority opinion stresses the rule that "it is negligence in itself to

violate a positive rule of the statute,'' citing *Keller v. Breneman*, 153 Wash. 208, 279 Pac. 588, and our prior decisions. That rule of negligence is of aid to the defendants here only as showing that the plaintiff was negligent in stationing himself in the street as he did. That does not demonstrate that such negligence of the plaintiff constituted a contributing, proximate cause of his damage. I think negligence in violation of a statutory or ordinance rule of law, civil or criminal, is no different, as affecting civil rights and liabilities, than negligence in the violation of the common law rule of due care. Justice Prentice, speaking for the supreme court of Connecticut in *Farrington v. Cheponis*, 84 Conn. 1, 78 Atl. 652, made this observation:

''The fact that there was a city ordinance forbidding and punishing coasting in the highway in question is not one which would of itself bar the plaintiff's recovery. It must also appear that his violation of it was a proximate cause of the injuries he sustained. *Broschart v. Tuttle*, 59 Conn. 1, 20, 21 Atl. 925, 11 L. R. A. 33; *Case v. Clark*, 83 Conn. 183, 192, 76 Atl. 518; *Elliott v. New York, N. H. & H. R. Co.*, 83 Conn. 320, 76 Atl. 298. In determining this question the same considerations control as in the case of negligence on the part of the injured party in failing to exercise due care, and the doctrine of supervening negligence is equally applicable. The failure to conform one's conduct to a standard of duty prescribed by legislative authority, or to conform it to the common-law requirement to exercise reasonable care under the circumstances constitutes negligence, and it makes no essential difference in law whether it arises from the one source or the other. *Sharkey v. Skilton*, 83 Conn. 503, 77 Atl. 950.''

So, let us not be led astray by the mere fact that the plaintiff's act was negligent by virtue of its being in violation of the city ordinance.

In *Redford v. Spokane Street R. Co.,* 15 Wash. 419, 46 Pac. 650, this court dealt with a case closely parallel to this in principle. Judge Gordon, speaking for the court, said:

"It appears from the evidence that plaintiff had driven across appellant's track, and after crossing, stopped to converse with a friend, and that while so engaged the collision occurred, and the claim of appellant is that if the respondent stopped his vehicle in such close proximity to appellant's track as not to enable its car to pass without colliding with the vehicle, he was guilty of contributory negligence and cannot recover. We agree with counsel for respondent that plaintiff's nearness to the track was a 'condition' of the injury and not the cause of it, and we think that the jury were fully and fairly instructed that plaintiff could not recover unless the defendant's negligence was the proximate cause. 'When the defendant's negligence is the proximate cause of the injury, while that of the plaintiff is only a remote cause or a mere condition of it, the action will lie.' Beach, Contributory Negligence (2d ed.), § 54; *Gothard v. Alabama, etc., R. R. Co.,* 67 Ala. 114; *Lay v. Richmond, etc., R. R. Co.,* 106 N. C. 404 (11 S. E. 412); *Newcomb v. Boston Protective Department,* 146 Mass. 596 (16 N. E. 555, 4 Am. St. Rep. 354); *Norris v. Litchfield,* 35 N. H. 271 (69 Am. Dec. 546); *Davis v. Mann,* 10 Mees. & W. 546.''

This view of the law was adhered to in *Benson v. English Lumber Co.,* 71 Wash. 616, 129 Pac. 403, *Rhimer v. Davis,* 126 Wash. 470, 218 Pac. 193, and *Sigol v. Kaplan,* 147 Wash. 269, 266 Pac. 154. The following of our decisions recognize this to be the law, though, upon the facts, the plaintiffs therein were held guilty of contributory negligence, as a matter of law: *Twedt v. Seattle Taxicab Co.,* 121 Wash. 562, 210 Pac. 20; *Benson v. Anderson,* 129 Wash. 19, 223 Pac. 1063; *Millspaugh v. Alert Transfer & Storage Co.,* 145 Wash. 111, 259 Pac. 22; *Keller v. Breneman,* 153 Wash. 208, 279 Pac. 588.

It seems to us that this case calls for carefully taking note of the distinction between negligence which, in some substantial manner, proximately contributes to damage, and negligence constituting "a remote cause or a mere condition" attending the occurrence of damage. The following observations of Justice Knowlton, speaking for the supreme judicial court of Massachusetts in *Newcomb v. Boston Protective Department*, 146 Mass. 596, 16 N. E. 555, are enlightening on this subject:

"The court rightly refused the instruction requested, that the plaintiff could not recover if, at the time of the accident, he was violating the ordinance, and so doing an unlawful act. This request ignored the distinction between illegality which is a cause, and illegality which is a condition, of a transaction relied on by a plaintiff, or between that which is an essential element of his case when all the facts appear, and that which is no part of it, but only an attendant circumstance. The position of a vehicle which has been struck by another may or may not have been one of the causes of the striking. Of course, it could not have been struck if it had not been in the place where the blow came. But this is a statement of an essential condition, and not of a cause of the impact. The distinction is between that which directly and proximately produces or helps to produce a result as an efficient cause, and that which is a necessary condition or attendant circumstance of it. If the position of the plaintiff's vehicle was such as, in connection with ordinary and usual concurring causes, would naturally produce such an accident, that indicates that it contributed to it. But, even in that case, external causes may have been so exclusive in their operation, and so free from any relation to the position of the vehicle, as to have left that a mere condition, without agency in producing the result; that is, a contributing cause of an accident, is usually a question for a jury, to be determined by the facts of the particular case; and such it has been held to be in many cases like the one before

us. *Damon v. Scituate,* 119 Mass. 66; *Hall v. Ripley,* Id. 135; *Welch v. Wesson,* 6 Gray 505; *Spofford v. Harlow,* 3 Allen 176; *White v. Lang,* 128 Mass. 598; *Baker v. Portland,* 58 Me. 199; *Norris v. Litchfield,* 35 N. H. 271; *Sutton v. Wauwatosa,* 29 Wis. 21.''

If the servant of the defendants had exercised, while backing the automobile out of the garage driveway, ''unceasing vigilance . . . so as not to injure those behind,'' as commanded by the ordinance, he would necessarily have seen the plaintiff standing approximately in the middle of the street in the direct path of the backing automobile approaching the plaintiff from his rear. In 1 Thompson's Commentaries on the Law of Negligence, § 1325, that learned author says:

''. . . the plaintiff, or personal representative of the deceased, will not be precluded from recovering damages owing to the fact that the plaintiff or the deceased was guilty of some negligence in exposing himself in the public street to the injury which the defendant visited upon him, if, after seeing his exposed position, or if by the exercise of reasonable care the defendant might have seen it so as to avoid the injury by the subsequent exercise of reasonable care.''

Considering the measure of care with which the servant of the defendants was charged by the terms of the ordinance; the plaintiff having become practically stationary, with his back to the automobile being backed by the defendants' servant; the absence of warning from the backing automobile; and the excessive speed of the backing automobile, it seems to me that it cannot be decided, as a matter of law, that the plaintiff was guilty of negligence which contributed in a substantial measure to his damage. The plaintiff's negligently placing himself in the street was, I think, but ''a remote cause or a mere condition'' attending his damage, and the real proximate cause of

his injury was the gross negligence of the defendants, if the allegations of the complaint be true.

The judgment should be reversed and the cause remanded to the superior court with directions to overrule the demurrer.

BEELER, J., concurs with PARKER, J.

[1]Reported in 298 Pac. 465.