Caldwell vs. Railroad Company.

JOHN CALDWELL VS. VICKSBURG, SHREVEPORT AND PACIFIC RAILROAD COMPANY.

1. In building a bridge at the crossing of its track over a public street, a railroad company is bound to construct it of such material and in such manner and to maintain it in such condition as to make and keep it safe for public travel; and in case of fault or lack of care in the performance of such duties, it is responsible for injury occasioned thereby to a traveler.

2. While rarely finding occasion to increase verdicts of juries in this class of cases, yet, having jurisdiction and being bound to pass on the facts as well as the law, we must do justice when the verdict of the jury has clearly failed to do it.

APPEAL from the Fifth District Court, Parish of Ouachita. *Richardson*, J.

*C. J. & J. S. Boatner* for Plaintiff and Appellant:

Where the injury is partly due to the negligence of the injured and partly by failure of the company to provide proper and suitable apparatus, the negligence of the injured party will not exonerate the company from the consequences of its own default. Grand Trunk R. R. Co. vs. Cummings, 106 U. S. 700; Ellis vs. R. R. Co., 95 N. Y. 546; Townes vs. R. R. Co., 37 Ann. 632.

The Supreme Court has the power, and it is its duty to disregard the verdict of a jury where it is palpably erroneous in allowing only nominal damages, and to give judgment for the amount it may think will meet the ends of justice. Sedgwick on Damages, 2d Vol. 661.; 5th Bing. N. C. 424; 22d Conn. 74; 19th Bast. N. Y. 461; 13th L. 110, and cases there cited; 26th Ann. 313, 33; 33d Ann. 397, 29, 223; 34th Ann. 1107.

*Stubbs & Russell* for Defendant and Appellee.

The opinion of the Court was delivered by

FENNER, J. In December, 1886, as the plaintiff was passing on horseback over a bridge constructed by the defendant company at the crossing of its railroad track over a public street of the city of Shreveport, the foot of his horse broke through one of the planks of the bridge causing the animal to fall, inflicting injuries on his rider, for which this suit for $10,000 damages is prosecuted.

The suit was first brought in Shreveport and resulted in a verdict and judgment for plaintiff for $5000; but on appeal to this court, an exception to the jurisdiction of the Shreveport court was sustained, and, on that ground, the judgment was reversed. 40 Ann. 753.

Thereafter the present suit was brought resulting in a verdict and judgment in favor of plaintiff for $1000, from which both parties appeal.

It is admitted that the defendant was bound to construct, and did

construct the bridge, and was bound to build it of such material and in manner, and to maintain it in such condition as to make and keep it safe for public travel; and that for any fault or lack of care in the performance of these duties, it is responsible.

It is also admitted, in the language of the brief of defendant's counsel, that, in crossing this bridge, plaintiff's "horse with one foot broke through one of the planks covering the ditch, and fell with him, spraining his ankle and inflicting other injuries."

The preponderance of the evidence is very decided that the bridge was constructed of inferior lumber, of insufficient thickness, and in an improper manner, and that the attention of the defendant had been called to these defects, and that they had been only partially remedied.

The fact that the weight of a single horse and rider was sufficient to break through the bridge is conclusive evidence of its defectiveness, and taken with the proof that the plank was of inferior quality and too thin for the purpose, and that defendant had been notified of these defects, clearly establishes the fault of defendant.

The evidence that the defendant's horse was a stumbler is not only contradicted, but in absence of the slightest proof that he stumbled on this occasion, and in presence of positive proof that his fall was occasioned by the breaking of his foot through the bridge, it seems to us totally irrelevant.

The evidence clearly establishes the fault of defendant; two juries have so found; and we are bound to approve their finding in this respect.

Then the only remaining question is as to the *quantum* of damages.

The testimony shows that plaintiff was an enterprising business man, engaged in multifarious business, such as the keeping of a livery-stable, the management of three plantations and other occasional enterprises, such as railroad contractor, etc.; and that he gave his personal supervision to his affairs, leading a very active and busy life, passing almost his entire time, as he says, either walking or on horseback in the prosecution of his business.

The horse fell upon him inflicting severe injuries, spraining both his ankle and his wrist and contusing his shoulders and chest. He was confined to his bed for several days, was then compelled to walk on crutches for a long time, and has ever since been compelled to use a stick in walking.

The medical evidence is that such a sprain as his ankle received is more serious than a broken bone and that the probability is he will never recover from it. He is not able to stand continuously or to walk

much; cannot mount his horse without using a chair or elevation of some kind, and can only ride short distances. The lack of exercise and change in his former active habits have occasioned great increase of flesh, to the extent of sixty or seventy pounds since the accident.

Owing to his own disability, he has been compelled to employ a foreman in his stable at a considerable salary, to perform duties which he was formerly able to perform himself.

He has not been a sound man since his accident. His injured wrist has not recovered its full strength; he complains of internal pains resulting from the bodily contusion; his ankle pains him when excessively used and in sudden changes of weather.

He has been under frequent medical treatment ever since his injury, and, though more than two years have elapsed between the date of the injury and the present trial, the evil effects of the injury still continue.

Some attempt is made to show that the permanent effect of the injury is attributable to his imprudence in using his ankle too soon in disregard of his physician's advice, but this is not established by the testimony. He did go out against the advice of his physician, but he shows that his business and general health required it; his exertion was slight and it does not appear that it resulted in actual injury.

We rarely find occasion to increase the verdict of a jury in this class of cases; yet, as we recently said: "With all our indisposition to increase verdicts for damages rendered by juries, who rarely underestimate them, yet it is a matter within our jurisdiction on which we are bound to pass, and we must do justice when clearly satisfied that the jury has failed to do it." Sullivan vs. R. R. Co., 39 Ann. 803. Citing numerous other cases.

We cannot avoid the conclusion that the present verdict does not do justice. Considering the expenses and trouble incurred by the defendant for medical attendance and in the necessary prosecution of his legal right, the sum allowed would leave him no compensation for his suffering and injury at all commensurate with their serious character.

We think we exercise all due caution and give full weight to every consideration in favor of defendant, in increasing the verdict to two thousand dollars.

It is, therefore, adjudged and decreed that the judgment appealed from be amended by increasing the amount thereof from one thousand, to two thousand dollars, and that as thus amended the same be affirmed, defendant to pay costs of appeal.

Judgment amended by increasing amount from $1000 to $2000.