[No. 12726. Department One. November 24, 1915.]

FOBES SUPPLY COMPANY, *Respondent*, v.
ROBERT G. KENDRICK, *Appellant*.[1]

TRIAL—PROVINCE OF COURT AND JURY—DIRECTING VERDICT. The trial court can direct a verdict for the plaintiff, or sustain a challenge to the sufficiency of the evidence, only when it can say, as a matter of law, that there is neither evidence nor reasonable inference from evidence to sustain any other verdict or judgment.

Appeal from a judgment of the superior court for King county, Mackintosh, J., entered January 2, 1915, in favor of the plaintiff, notwithstanding the failure of the jury to agree, in an action for conversion. Reversed.

*Miller & Lysons*, for appellant.
*Peters & Powell*, for respondent.

[1] Reported in 152 Pac. 1028.

MORRIS, C. J.—Action to recover the value of merchandise alleged to have been converted by appellant to his own use, and an appeal from a judgment in favor of respondent.

There was no issue as to the taking of the goods, the only question being whether the taking was a conversion or, as claimed by appellant, the merchandise had been purchased and paid for in the regular course of business. The questions were submitted to a jury under appropriate instructions. Prior to the submission to the jury, respondent had moved the trial court to withdraw the case from the jury and enter judgment for respondent. This was denied. Respondent then moved for an instruction directing a verdict in its favor. This was also denied. After deliberating upon the case some time, the jury reported they were unable to agree upon a verdict, and the court discharged them. Respondent then filed this motion.

"Plaintiff moves for judgment notwithstanding the failure of the jury to agree upon a verdict. This motion is based upon the ground that under all the evidence the defendant is liable to plaintiff for the amount demanded in the complaint as a matter of law."

The motion was granted and a judgment entered for respondent.

Appellant first attacks the power of the trial court to grant the motion, upon the ground that it was denominated "motion for judgment *non obstante*," maintaining that the court was powerless to grant a motion of this character under a number of our late cases. It is immaterial what respondent chose to call its motion. The power of the court to grant or deny it is to be determined by what action of the court it invoked, and this was to hold, as a matter of law, that there was no evidence upon which a verdict in appellant's favor might rest. This motion invoked the same ruling as the challenge to the sufficiency of the evidence, and the motion for a directed verdict. If the trial court would have been justified in granting either of those motions, the

same justification would sustain the right to grant the motion in question. In a jury case, the power of the trial court to sustain a challenge to the sufficiency of the evidence or direct a verdict is to be exercised only when the court can say, as a matter of law, that there is neither evidence nor reasonable inference from evidence sufficient to sustain any other verdict or judgment. Such a motion invokes no element of discretion, but calls for the exercise of a pure judicial function. *Brown v. Walla Walla,* 76 Wash. 670, 136 Pac. 1166; *Forsyth v. Dow,* 81 Wash. 137, 142 Pac. 490; *Paich v. Northern Pac. R. Co.,* 82 Wash. 581, 144 Pac. 919.

As applied to the issues in this case, such rule calls for a holding that there was no evidence or inference from evidence which would justify the jury in finding a purchase and payment of the merchandise. We cannot say, after an examination of the records and exhibits, that there is no such evidence. What we might believe after reading the record and examining the exhibits, or what the trial court might believe as to the fact of purchase and payment, is immaterial on this phase of procedure. It was, primarily at least, what the jury might believe, if there was anything in the record upon which to base such a belief, reserving to the trial court the exercise of the statutory power to grant a new trial in case of insufficiency of the evidence to justify the verdict.

The judgment is reversed, and the case remanded for new trial.

MOUNT, FULLERTON, and CHADWICK, JJ., concur.