[No. 23206.   Department Two.   November 2, 1931.]

JOSEPH L. GEER *et al., Appellants,* v. W. H. GELLERMAN *et al., Respondents.*[1]

*Vanderveer, Beardslee & Bassett* and *E. D. Germain,* for appellants.

*Ellis & Evans* and *Whittemore & Truscott,* for respondents.

[1]Reported in 4 P. (2d) 641.

HOLCOMB, J.—Appellants sued to recover damages for personal injuries sustained by appellant the wife in an automobile collision which occurred at the junction of the Pacific highway with the Bucoda highway within the corporate limits of Tenino on Labor day, September 2, 1929. Motions for nonsuit were interposed at the close of appellants' case and at the close of the entire case, which were both denied by the trial court, and the jury returned a verdict in favor of appellants for two thousand five hundred dollars. Thereafter, respondents moved for a new trial and for a judgment *non obstante veredicto,* but at the hearing thereof expressly waived the motion for a new trial and relied on the motion for judgment n. o. v. The court granted judgment n. o. v. in favor of respondents, and this appeal results.

The facts which the jury were warranted in resolving in favor of appellants are substantially these:

On the day of the accident, appellants, followed by two friends in another car whom they had accidentally encountered on the Pacific highway, were driving from Tacoma to Portland, and, to avoid the congestion of traffic on Labor day on the highway, it had been agreed that they would proceed from Tenino to Centralia by way of the Bucoda highway. Appellant the husband was driving, and the wife and baby were in the rear seat of their Ford car.

Approaching the Bucoda highway from the north, the husband saw the car of respondents approaching from the south at a distance of three hundred fifty feet. As he neared the turn into the Bucoda highway, he looked again and saw the car about two hundred fifty feet distant. Inasmuch as the car of respondents approached appellants more or less directly, appellant the husband was unable to determine its speed, but thought he had ample time to turn into the Bucoda

highway in safety, and would have done so had the car of respondents been operated at a lawful speed. There was evidence by two impartial witnesses who estimated the speed of respondents' car at fifty to sixty miles an hour. The speed of appellants' car was slow as he approached the turn, being, perhaps, twenty miles an hour, and on the turn eight or ten miles an hour.

Respondents' car ran head on squarely into the right side of appellants' car back of the front wheel, forced it entirely across the road, and practically demolished it. The husband was thrown out of the car and the wife was rendered unconscious.

There is a railroad viaduct or trestle over the Pacific highway just before the junction with the Bucoda highway is reached. There is positive evidence by two eye witnesses that the driver of the car of appellants began to make a signal for a lefthand turn by holding out his hand while still under the trestle; that his hand had been out before the witnesses saw it, as they did not see the hand put out as a signal for the turn, but saw that it was being held out, and that, just as the turn was started, the driver of appellants' car put both hands on the steering wheel to make the turn, which was just before the cars ran together. Appellant the husband also testified that he started to make the signal for a lefthand turn when he was between fifty and sixty feet from the turn of the Bucoda road; that he signaled for the left turn, slowed down nearly to a stop, and started to make the turn; that, in making the turn into the Bucoda road, he judged he was going eight to ten miles an hour; when he was about three-fourths across the highway he was hit.

Respondents' Packard car was driven by their twenty-year-old son. He testified that the speed of appellants' car at the turn was about fifteen or twenty

miles per hour; that it did not stop, but that he thought it was going to stop because it was going very slow and the right wheels of the car of appellants were off the pavement. Appellant the husband had testified that, in making the turn, he thought probably one of his right wheels was momentarily off the pavement a couple of feet.

The trial court granted the judgment n. o. v. on the grounds that the testimony showed that appellant drove off the pavement with one wheel at least and came practically to a stop, and that there was no showing that, after that, at any time appellant ever held out his hand to show the oncoming traffic that he was going to turn. The trial court also said that the testimony showed that appellant cut the corner, turned in the face of oncoming travel and was himself negligent. The trial court was further of the opinion that there was no question about the negligence of the driver of respondents in the case in driving at an excessive rate of speed, but that appellant himself was negligent. It was the view of the trial court that appellant must show that his negligence did not contribute to and was not the proximate cause of the accident.

From the statement of the evidence herein it appears that the trial court overlooked the fact that the evidence on behalf of appellants showed that the driver of appellants' car held out his hand fifty to sixty feet for a lefthand turn to show oncoming traffic that he was going to make a lefthand turn before he started to turn. In that, there was, at most, a conflict of facts which the jury resolved against respondents.

While there may be some basis for the statement that appellant cut the corner, inasmuch as the intersection of these two roads is an extended space, and that the driver of appellants' car showed that he kept to the right of the turn into the Bucoda road accord-

ing to its course, which would be somewhat within the precise and mathematical intersection of the two roads, that is not the determinative feature.

The evidence here also is to the effect that the driver of the car of respondents plainly saw the car of appellants at a distance of two hundred feet or more. While he disputed the evidence that any signal for a lefthand turn was made, there was as to that a clear conflict of evidence.

We have held in many cases, in effect, that, even though a car may be to some extent where it has no right to be, if it was seen by, or plainly visible to, the driver of another car which injures it, notwithstanding our uniform holding that it is negligence *per se* to violate a positive law or ordinance, to drive on the wrong side of the highway will not constitute contributory negligence conclusively, as a matter of law, unless it is shown to have been the proximate cause of the injury. *Hullin v. Seattle Taxicab Co.,* 119 Wash. 311, 205 Pac. 403; *Twedt v. Seattle Taxicab Co.,* 121 Wash. 562, 210 Pac. 20; *Sigol v. Kaplan,* 147 Wash. 269, 266 Pac. 154; *Onkels v. Stogsdill,* 151 Wash. 194, 275 Pac. 692.

The question of whether "cutting the corner," as contended by respondents, was the proximate cause of the accident, was therefore a question of fact for the jury, rather than a question of law for the court.

The burden was not upon appellants to prove that their driver did not contribute to the accident by any negligence on his part.

Contributory negligence was pleaded by respondents as an affirmative defense and, of course, must always be proven by the defendant in such cases, either by his own testimony or it must affirmatively appear from the testimony of plaintiff; and where the record is

silent on the question, due care on the part of the plaintiff will be presumed. *Romano v. Short Line Stage Co.,* 142 Wash. 419, 253 Pac. 657; *Jurisch v. Puget Transportation Co.,* 144 Wash. 409, 258 Pac. 39; *Byrne v. Stanford,* 159 Wash. 271, 292 Pac. 1014. See, also, *Martin v. Westinghouse Electric & Mfg. Co.,* 162 Wash. 150, 297 Pac. 1098; *Bell v. Northwest Cities Gas Co.,* 164 Wash. 450, 2 P. (2d) 644.

We conclude, as was said in the *Romano* case, *supra,* that the questions determined by the court as matters of law were matters of fact for the jury to determine under proper instructions, which were presumably given, as no question is here raised as to any instruction.

The judgment is reversed, and the cause remanded with instructions to reinstate the verdict of the jury and enter judgment accordingly.

TOLMAN, C. J., BEALS, MAIN, and MILLARD, JJ., concur.