[No. 31847. Department Two. February 1, 1952.]

MARVIN HAWLEY, *Respondent*, v. L. C. SHARLEY *et al.*,
*Defendants*, GEORGE LOCKE *et al.*, *Appellants.*[1]

[1]Reported in 240 P. (2d) 557.

*Henry Arnold Peterson,* for appellants.

*Crippen & Flynn,* for respondent.

FINLEY, J.—Marvin Hawley, plaintiff, initiated this lawsuit seeking to recover treble damages under Rem. Rev. Stat., § 939 [P.P.C. § 103-5], from L. C. Sharley and George Locke and their respective spouses, defendants, for allegedly cutting and removing timber without authority from a lot owned by Hawley in Pierce county, Washington.

The defendants generally denied the allegation of the complaint. In addition, Locke and wife interposed an affirmative defense based on Rem. Rev. Stat., § 940 [P.P.C. § 103-7], that the trespass, if any, and the cutting of trees was casual, involuntary, and with probable cause within the contemplation of the statute in that Locke believed that the trees in question were owned by Sharley and were located on the latter's land. Locke cross-complained against Sharley but suffered a change of heart or mind; at any rate, during the trial he took a nonsuit on this aspect of the matter.

For purposes of illustration, we shall say that *blackacre* was owned by Hawley, and that the adjoining *greenacre* and the adjacent, but not adjoining, *other acres* were owned by the Sharleys. Trouble arose between the neighboring land owners after the Sharleys, seized of fee simple title in *greenacre* and *other acres*, employed Locke to log, clear and clean up their property by divers ways and means. As recompense, Locke was to be paid on a stumpage basis and would enjoy any profits derived from the removal and sale of the *fructus naturales* from *greenacre* and *other acres*. Locke, intent upon performing his covenant of employment, either inadvertently strayed or trespassed *vi et armis* upon *blackacre*, of which Hawley was seized in fee simple title. Litigation followed.

The lawsuit was tried by a jury. The Sharleys were excul-

pated. Judgment was entered dismissing the action as to ·them and they are not involved in this appeal.

By special verdict, the jury found that the acts of Locke in going upon plaintiff's land, cutting and removing trees therefrom, were casual or involuntary, and that he had probable cause to believe that the trees were the property of the Sharleys. The special verdict indicated damages of two hundred dollars to be assessed against Locke. Motions for a new trial and for treble damages notwithstanding the verdict of the jury were made in behalf of plaintiff Hawley. A new trial was denied but the motion to treble the damages was granted. Judgment was entered against Locke in the sum of six hundred dollars, this being treble the amount of the general damages. Locke has appealed. He assigns as error: (1) the granting of plaintiff's motion trebling the damages notwithstanding the jury verdict of single damages; and (2) the entry of judgment against him for treble damages.

■ The judgment entered by the court was based upon Rem. Rev. Stat., § 939 [P.P.C. § 103-5], which provides that whenever any person shall cut down trees or timber on the land of another without lawful authority, he shall be liable for treble the amount of damages claimed or assessed therefor. However, that section is qualified significantly by Rem. Rev. Stat., § 940, as follows:

"If upon trial of such action it shall appear that the trespass was casual or involuntary, or that the defendant had probable cause to believe that the land on which such trespass was committed was his own, or that of the person in whose service or by whose direction the act was done, . . . judgment shall only be given for single damages."

In *Gibson v. Thisius*, 16 Wn. (2d) 693, 695, 134 P. (2d) 713, we said:

"The character of the trespass—whether it was willful or involuntary and in good faith—was for the jury."

■ In the case at bar, the jury returned a verdict for single damages. It specifically found that the trespass was, in contemplation of Rem. Rev. Stat., § 940, involuntary and in good faith. From the standpoint of appellate review, we

think there was evidence to sustain the jury's finding or special verdict, although as triers of the facts, either we or the trial judge might have come to a different conclusion on the issue.

 The situation before us is not comparable to an attempt by a trial court to increase a jury award without the consent of the party unfavorably affected by such increase as in the case of *Sigol v. Kaplan*, 147 Wash. 269, 266 Pac. 154, cited in appellants' brief. In the case here on appeal the court, in effect, in trebling the damages awarded by the jury, granted a judgment notwithstanding the special verdict of casual and involuntary trespass. It is well settled that, in passing on a motion for judgment notwithstanding the verdict of a jury, no element of discretion is involved. Such motion may be granted only when it can be judicially determined as a matter of law that there is neither evidence nor reasonable inference from evidence to sustain the verdict. *Shumaker v. Charada Inv. Co.*, 183 Wash. 521, 49 P. (2d) 44. In ruling on such a motion the evidence will be viewed in the light most favorable to the party in whose favor the verdict was given. *Green v. Langnes*, 177 Wash. 536, 32 P. (2d) 565; *Shumaker v. Charada Inv. Co.*, *supra*.

 In view of the foregoing principles, affirmance of the judgment of treble damages would require a determination by us that there was no evidence or inference from evidence which would have justified the jury in finding that the trespass was casual or involuntary. We cannot say that there is no such evidence, particularly in view of a substantial part of the testimony of George Locke respecting property lines and boundaries as shown to him by Sharley, and Locke's testimony as to how the cutting of Hawley's trees occurred.

As we said in *Fobes Supply Co. v. Kendrick*, 88 Wash. 284, 286, 152 Pac. 1028:

"What we might believe after reading the record and examining the exhibits, or what the trial court might believe as to the fact of purchase and payment, is immaterial on this phase of procedure. It was, primarily at least, what the jury might believe, if there was anything in the record

upon which to base such a belief, reserving to the trial court the exercise of the statutory power to grant a new trial in case of insufficiency of the evidence to justify the verdict."

The judgment for treble damages is reversed and the case is remanded to the trial court to enter judgment in accordance with the verdict of the jury.

SCHWELLENBACH, C. J., HILL, HAMLEY, and OLSON, JJ., concur.

[1]Reported in 240 P. (2d) 560.