[No. 33281. Department One. December 8, 1955.]

D. C. KIRKPATRICK, *Appellant*, v. THE DEPARTMENT OF LABOR
AND INDUSTRIES, *Respondent.*[1]

[1]Reported in 290 P. (2d) 979.

52

*Walthew, Oseran & Warner* (*F. Ernest Duncan*, of counsel), for appellant.

*The Attorney General* and *William C. Hallin, Assistant*, for respondent.

OTT, J.—This is an appeal by plaintiff from a judgment notwithstanding the verdict, in an action in which he sought to recover an increased disability award.

Appellant assigns as error the court's entry of the judgment, and its failure to enter judgment on the verdict.

The trial court, in granting the motion for judgment notwithstanding the verdict, stated as its reason that, since the deposition of appellant's medical witness was not contained in a sealed envelope, it was prejudicial error to permit the deposition to be published.

RCW 5.08.060 [*cf.* Rem. Rev. Stat., § 1243], which was in effect at the time the deposition was published, provided, in part:

"The deposition . . . shall be inclosed in a sealed envelope, by the officer taking it, . . . and either delivered to the clerk of the court or other person, or transmitted through the mail or by some private person."

See, also, Rule of Pleading, Practice and Procedure 30 (f) (1), 34A Wn. (2d) 93.

Is the mere failure to enclose the deposition in a sealed envelope such a fatal irregularity as to destroy its value as evidence? We think not. While the practice is not to be condoned or approved, this mistake on the part of the officer taking it is not such an irregularity, in the absence of any evidence of tampering or alteration, as to merit the suppression of the deposition. *Finn v. Bremerton*, 118 Wash. 381, 383, 203 Pac. 971 (1922). In the instant case, there was substantial compliance with the statute. It was, therefore, error to grant judgment notwithstanding the verdict upon the ground stated by the trial court.

■ Where a judgment or order is correct, it will not be reversed because the court gave a wrong or insufficient reason for its rendition. *In re Bodvin's Estate*, 37 Wn. (2d) 872, 878, 226 P. (2d) 878 (1951), and cases cited; *Rawlins v. Nelson*, 38 Wn. (2d) 570, 578, 231 P. (2d) 281 (1951), and cases cited.

■ A motion for judgment notwithstanding the verdict involves no element of judicial discretion, and will be granted only when the court can say, as a matter of law, that there is neither evidence nor reasonable inference from the evidence to sustain the verdict. *Hawley v. Sharley*, 40 Wn. (2d) 47, 50, 240 P. (2d) 557 (1952), and case cited.

The appellant was injured June 22, 1950. At the time the department issued its closing order, February 8, 1951, it had the testimony of Dr. R. M. Hoag, appellant's personal physician who had treated his injury, and of Dr. B. E. McConville, who had examined appellant, at the request of the department, prior to the date of the closing order. Both doctors agreed that appellant had suffered injury to the extent of twenty per cent of the amputation value of the left leg at or above the knee. The department ordered an award accordingly.

A timely appeal to the board of industrial insurance appeals was taken from the rating of disability fixed by the department's closing order. The board sustained the department's closing order.

The only medical testimony submitted by appellant at the hearing before the board was that of Dr. X. P. DeDonato, who had seen and examined appellant for the first time on March 17, 1953. This examination was approximately thirty-three months after the injury, and twenty-five months after the date of the closing order. Aside from this examination and the case history furnished by appellant, Dr. DeDonato had only the X rays taken January 3, 1951, upon which to base a rating of appellant's disability on the terminal date. Over objection, he was permitted to express his opinion that, as of February 8, 1951, appellant had

suffered a "50 per cent disability of the amputation value at the left hip" as a result of the injury.

In addition to proving by medical testimony that the injury caused some disability, there must be sufficient medical testimony to support the claim that, at the terminal date, the rate of disability was more extensive than that fixed by the department. *Johnson v. Department of Labor & Industries*, 45 Wn. (2d) 71, 73, 273 P. (2d) 510 (1954). The extent of disability, as it exists at any relevant date, must be determined by medical testimony, some of it based upon objective evidence. *Harper v. Department of Labor & Industries*, 46 Wn. (2d) 404, 406, 281 P. (2d) 859 (1955).

In the case at bar, Dr. DeDonato testified only that, at the examination of March 17, 1953, he observed in the appellant certain atrophy of the left thigh and a certain degree of disability; that an X ray taken January 3, 1951, indicated that there had been a transverse fracture of the left patella, and that he could not determine what the condition of the appellant was in 1951 unless he took appellant's word for it, together with his findings of appellant's physical condition on the examination date. The only objective evidence upon which the doctor could rely, and which relates to the relevant period ending February 8, 1951, was the X ray of the patella. The doctor stated that the X ray proved no more than the fact that, at some time prior thereto, there had been a transverse fracture of the left patella. The remainder of the objective evidence, upon which the doctor based his opinion as to the rate of disability, was evidence of a condition existing March 17, 1953, and does not relate to appellant's condition on the terminal date, February 8, 1951.

In *Boyer v. Department of Labor & Industries*, 160 Wash. 557, 565, 295 Pac. 737 (1931), we announced the rule that there must be some evidence of probative value that removes the question of causal relation from the field of speculation and surmise. See, also, *Seattle-Tacoma Shipbuilding Co. v. Department of Labor & Industries*, 26 Wn. (2d) 233, 242, 173 P. (2d) 786 (1946).

■ The evidence upon which Dr. DeDonato based his opinion failed to establish a causal relationship between the disability rating and the injury. Therefore, it had no probative value.

Since the only medical proof offered by appellant, upon which the jury could increase the disability rating, had no probative value, there was neither evidence nor reasonable inference from the evidence to sustain the verdict. *Hawley v. Sharley, supra.* Hence, the judgment notwithstanding the verdict was proper. Because of this holding, we do not reach appellant's third assignment of error.

The judgment is affirmed.

HAMLEY, C. J., SCHWELLENBACH, DONWORTH, and FINLEY, JJ., concur.

