78 Wn.2d 954 (1971)
481 P.2d 436
In the Matter of GEORGIA A. TUNGET, Petitioner,
v.
THE STATE OF WASHINGTON EMPLOYMENT SECURITY DEPARTMENT, Respondent.[*]
No. 41629.
The Supreme Court of Washington, En Banc.
February 25, 1971.
Milne & Peterson and K.D. Peterson, for petitioner.
The Attorney General and Robert J. Gunovick, Assistant, for respondent.
STAFFORD, J.
After having been employed in a laundry for approximately 17 years, Georgia A. Tunget was forced to leave her work temporarily due to illness. When she was again able to work she discovered that the laundry had terminated her services and there was no work available.
Mrs. Tunget filed an application for unemployment compensation with the Washington Employment Security Department. She was interviewed by a member of the department and referred to an employment service counselor, after which the department denied the requested benefits.
Mrs. Tunget appealed from the adverse determination. A hearing was held and the appeal tribunal of the department sustained the initial determination of ineligibility. She then appealed to the commissioner of the department *955 who affirmed the decision of the appeal tribunal. The commissioner's decision was appealed to the superior court which reversed and held that she was entitled to unemployment compensation benefits.
The decision of the superior court was appealed to the Washington Court of Appeals which reversed the trial court and remanded the action with instructions to enter judgment sustaining the commissioner's decision. Mrs. Tunget has appealed that decision to this court.
We agree with the Court of Appeals that the basis for the trial court's reversal of the commissioner and the commissioner's primary ground for seeking a review thereof lies in RCW 34.04.130(6) (e):
(6) The court may affirm the decision of the agency or remand the case for further proceedings; or it may reverse the decision if the substantial rights of the petitioners may have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:
...
(e) clearly erroneous in view of the entire record as submitted and the public policy contained in the act of the legislature authorizing the decision or order ...
(Italics ours.)
We defined the phrase "clearly erroneous" in Ancheta v. Daly, 77 Wn.2d 255, 259, 461 P.2d 531 (1969):
"A finding is `clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."
(Italics ours.)
If an appeal is taken from the commissioner's decision, the burden is upon the commissioner to file with the clerk of the court a certified copy of the complete record of the administrative proceedings.[1] This enables the reviewing *956 court to make a determination based on the entire administrative record.
[1] RCW 34.04.130(6) (e) and Ancheta make it abundantly clear that a reviewing court may reverse the commissioner's decision as "clearly erroneous" only after the court has considered the "entire record." The parties agree that the trial court had the "entire record" at the time it reversed the commissioner's decision.
During oral argument, the commissioner's attorney[2] informed this court of an error that occurred at the time the clerk of the superior court prepared the commissioner's transcript on appeal. The praecipe requested a
Certified record of the Commissioner of the Employment Security Department (Record of Administrative Hearing)
The commissioner's attorney assisted in preparation of the transcript by furnishing the clerk with a photostatic copy of the administrative proceedings. Both assumed it was an exact copy of the certified record of the entire proceedings considered by the trial court. The assumption was erroneous, however. An entire finding of fact as well as the conclusions and decision of the appeal examiner had been omitted. Also missing was a portion of Mrs. Tunget's testimony before the appeal examiner.
If the commissioner appeals from a judgment of a trial court which has deemed his decision to be "clearly erroneous in view of the entire record," it goes without saying that he must furnish the Court of Appeals with the same record, or at least an exact copy thereof. Absent that "entire record," the Court of Appeals cannot possibly review either the rationale of the commissioner in denying the claim or the trial court's application of the "clearly erroneous" test in reversing the commissioner's decision.
The Court of Appeals logically assumed it had been furnished with the "entire record," although apparent gaps therein caused it to comment: "This record leaves much *957 to be desired." It is unfortunate that the Court of Appeals was inadvertently led into error. Nevertheless, it was not in a position to reach the decision it did based on the incomplete record before it.
Apparently the discrepancy was discovered long after Mrs. Tunget's petition for rehearing had been denied by the Court of Appeals and a petition for review had been filed with this court. When the commissioner's attorney filed an answer to Mrs. Tunget's petition for review, he informed the clerk of the Supreme Court, by letter, that the Court of Appeals had not been furnished with the entire administrative record. Enclosed therewith was what purported to be a copy of the missing administrative finding, conclusions and decision.
If this was an attempt to supply the court with omitted documents, it failed to comply with ROA I-45. Omitted portions of a record may be supplied by a party, without leave of court, at any time before the case is submitted to the court. However, notice to the opposing party is required. On the other hand, once the cause has been submitted, the omission may be rectified only by leave of court. In the case at hand, there is neither proof of the required notice nor a request for leave of court to file the omitted documents.
There is a further defect in the proffered material. It has neither been certified by the clerk of the superior court as a part of the transcript, as required by ROA I-44, nor has it been certified by the commissioner as part of the administrative record, pursuant to RCW 50.32.120. Thus, the material is not properly before this court. Furthermore, the testimony originally missing from the records transmitted to the Court of Appeals is still unaccounted for.
We have an advantage that was not available to the Court of Appeals; we know the record is incomplete and wholly inadequate. Nevertheless, our possession of that information does not enhance the commissioner's legal position. The incomplete record is insufficient to permit a determination that the trial court acted either correctly or *958 incorrectly in holding the administrative decision was "clearly erroneous in view of the entire record."
The Court of Appeals is reversed and the order of the trial court is reinstated. It is the only reviewing court that has had an opportunity to consider the entire record.
HAMILTON, C.J., FINLEY, ROSELLINI, HUNTER, HALE, NEILL, and McGOVERN, JJ., concur.
March 31, 1971. Petition for rehearing denied.
NOTES
[*] Reported in 481 P.2d 436.
[1] "RCW 50.32.120 Appeal to the courts. ... The commissioner shall serve upon the appellant and file with the clerk of the court before hearing, a certified copy of his complete record of the administrative proceedings which shall, upon being so filed, become the record in such case." (Italics ours.)
[2] The attorney who handled the matter before this court did not prepare the case for the Court of Appeals.