[No. 802-3.   Division Three.   January 3, 1974.]

HENRY T. IRWIN, *Respondent,* v. THE DEPARTMENT OF MOTOR VEHICLES, *Appellant.*

*Slade Gorton, Attorney General,* and *James R. Silva, Assistant,* for appellant.

*J. D. McMannis,* for respondent.

MUNSON, J.—The Department of Motor Vehicles appeals from a judgment canceling and voiding the revocation of respondent's driver's license. The Department of Motor Vehicles had revoked respondent's license pursuant to RCW 46.20.308 because of his refusal to take a breathalyzer test.

On April 21, 1972, two officers of the Washington State University Police Department arrested respondent upon Whitman County Road 5600, charging him with physical control of a motor vehicle while under the influence of intoxicating liquor. He was taken to the Washington State University Police Department, where, among other things, his rights under the implied consent law, RCW 46.20.308,

were explained to him. He refused the chemical test of his breath. Following receipt of the arresting officer's sworn report, the Department of Motor Vehicles revoked respondent's driver's license for 6 months (RCW 46.20.308(3)). Respondent requested an administrative hearing (RCW 46.20.308(4)); at that hearing the license revocation was upheld. He then requested and received a trial de novo in Whitman County Superior Court pursuant to RCW 46.20.308(5) and RCW 46.20.334. The court reversed the administrative decision and canceled and voided the revocation of respondent's license. The department appeals.

Respondent, in a pretrial motion, asked the trial court to find as a matter of law that his arrest was itself unlawful, having taken place off the Washington State University campus. The trial court found that officers of the police department of Washington State University have no authority upon Whitman County Road 5600, except in a hot pursuit situation. Upon that basis, the court concluded the arrest was invalid; respondent was not required to submit to a breathalyzer test. Hence, the department was without authority to revoke respondent's driver's license.

From our reading of the findings and conclusions, in conjunction with the court's oral opinion, we conclude the court held that the campus police did not have jurisdiction on the county road *solely* because it was a county road. We do not agree, but affirm the judgment upon other grounds.

█ We note at the outset that a challenge to the legality of an arrest is not a challenge which pertains to the jurisdiction of the court to hear the matter before it. *Cf. Davis v. Rhay*, 68 Wn.2d 496, 413 P.2d 654 (1966); *State v. Mickens*, 61 Wn.2d 83, 377 P.2d 240 (1962). There is a presumption that an officer acted legally in making an arrest until such time as the arrest is challenged. 5 Am. Jur. 2d *Arrest* § 24 (1962). Respondent's motion did challenge the arrest and raised the question of the legality of the arrest. The record indicates both parties agreed that a valid arrest was an essential element to the charge of refusal of a breathalyzer examination. *State v. Wetherell*, 82 Wn.2d

865, 514 P.2d 1069 (1973), decided subsequent to the trial of the instant case, so holds.

As a general rule, a peace officer has no official power to arrest beyond the territorial boundary of the state, city, county, or bailiwick for which he is elected or appointed. E. Fisher, *Laws of Arrest* § 142, at 314 (1967); 5 Am. Jur. 2d *Arrest* § 50 (1962); 6 C.J.S. *Arrest* § 12b(2) (1937); 70 Am. Jur. 2d *Sheriffs, Police, and Constables* § 27 (1962); *State v. Eldred*, 76 Wn.2d 443, 457 P.2d 540 (1969); *Somday v. Rhay*, 67 Wn.2d 180, 406 P.2d 931 (1965). RCW 28B.10.550[1] allows boards of regents of various colleges and universities to establish police forces upon their campuses. RCW 28B.10.555[2] sets forth the powers and territorial jurisdiction of such a police force. Pursuant to that statute, the members of such a police force, "[m]ay exercise such powers upon state lands devoted mainly to the educational or research activities of the institution to which they were appointed; . . ."

In this case there was no evidence presented from which it could be determined whether the county road, at the place of respondent's arrest, was within the territorial boundaries of the university. The county engineer did testify that county road 5600 cuts through Washington State

---

[1] "The boards of regents of the state universities, and the boards of trustees of the state colleges, acting independently and each on behalf of its own institution:

"(1) May each establish a police force for its own institution, which force shall function under such conditions and regulations as the board prescribes; and

"(2) May supply appropriate badges and uniforms indicating the positions and authority of the members of such police force."

[2] "The members of a police force established under authority of RCW 28B.10.550, when appointed and duly sworn:

"(1) Shall be peace officers of the state and have such police powers as are vested in sheriffs and peace officers generally under the laws of this state; and

"(2) May exercise such powers upon state lands devoted mainly to the educational or research activities of the institution to which they were appointed; and

"(3) Shall have power to pursue and arrest beyond the limits of such state lands, if necessary, all or any violators of the rules or regulations herein provided for."

University. He also testified that land on either side of county road 5600 was owned in part by Washington State University, the Forest Service (United States Department of Agriculture) and an individual named Bill Boyd. However, he did not state that the location of the arrest was within the territorial boundaries of the university. No evidence was introduced upon which to judge the nature of the land ownership, *i.e.,* in fee, leasehold or otherwise. Hence, we are unable to say from the evidence that the county road was within the territorial limits of Washington State University. Moreover, assuming such proof was evident, there is nothing to indicate the land was used for educational or research purposes.

██ Counsel for the Department of Motor Vehicles asks that we take judicial notice of the fact that respondent's arrest took place within the territorial boundaries of Washington State University, citing *State ex rel. Humiston v. Meyers,* 61 Wn.2d 772, 380 P.2d 735 (1963) and *Rogstad v. Rogstad,* 74 Wn.2d 736, 446 P.2d 340 (1968). In *Rogstad* at page 741 the court stated:

> The traditional rule is that courts may take judicial notice of facts which are within the common knowledge of the community. The modern trend seems to have enlarged this conception to state that a fact may be noticed if it is verifiably certain by reference to competent, authoritative sources. This court has accepted the broadened scope of judicial notice. *State ex rel. Humiston v. Meyers,* 61 Wn.2d 772, 380 P.2d 735 (1963).

(Footnotes omitted.) The state provided this court with a copy of a deed to certain real estate within Whitman County which allegedly bordered the then-existing campus of Washington State University, and an aerial photograph of the campus, encompassing that portion of Whitman County within which the physical buildings of Washington State University and the city of Pullman are located. However, these matters were not before the trial court and are not properly before this court. Cases on appeal must be decided on the record made at the trial court; only evidence

presented in the record can be considered on appeal. *State v. Wilson*, 75 Wn.2d 329, 450 P.2d 971 (1969); *State v. Davis*, 73 Wn.2d 271, 438 P.2d 185 (1968). *See also Tunget v. Employment Security Dep't*, 78 Wn.2d 954, 481 P.2d 436 (1971).

Furthermore, even if we took judicial notice of the documents furnished, the result would not be changed. Those documents do not show that the exact place of the arrest on the county road was within the boundaries of Washington State University and in an area of the campus which was used for educational or research purposes. *Retail Clerks Local 629 v. Christiansen*, 67 Wn.2d 29, 406 P.2d 327 (1965); *Kirkpatrick v. Department of Labor & Indus.*, 48 Wn.2d 51, 290 P.2d 979 (1955).

Judgment is affirmed.

GREEN, C.J., and McINTURFF, J., concur.