[No. 27994-4-III.   Division Three.   January 14, 2010.]

THE STATE OF WASHINGTON, *Respondent*, v. JUSTIN JAMES HARDGROVE, *Appellant*.

*Steven P. Martonick* (of *Snyder & Martonick Law Offices PS*), for appellant.

*Denis P. Tracy*, *Prosecuting Attorney*, and *Daniel F. Lebeau*, *Deputy*, for respondent.

¶1 KORSMO, J. — Justin Hardgrove challenges his conviction for possession of methamphetamine discovered after an off-campus traffic stop by a Washington State University (WSU) police officer on a Pullman street. We conclude that the WSU Police Department is a general authority law enforcement agency, so the stop was proper under the local mutual aid agreement. The conviction is affirmed.

## FACTS

¶2 WSU Officer Mathew Kuhrt was assisting with a seat belt emphasis patrol on May 25, 2008. While on Main Street in Pullman, he saw Mr. Hardgrove driving without wearing a seat belt. The officer stopped the car and discovered that Mr. Hardgrove's license was suspended. Officer Kuhrt arrested Mr. Hardgrove. A search incident to the arrest uncovered methamphetamine on Mr. Hardgrove.

¶3 Mr. Hardgrove moved to suppress the evidence, arguing that Officer Kuhrt was operating outside his jurisdiction and that he was not otherwise empowered to enforce laws outside the WSU campus. The trial court heard testimony and determined that Officer Kuhrt was a fully commissioned law enforcement officer as defined by chapter 10.93 RCW and that the WSU Police Department was a general law enforcement agency as defined by that chapter.

The court found that the WSU Police Department had mutual aid agreements with both the City of Pullman and Whitman County. The court concluded that Officer Kuhrt therefore had authority to make traffic stops in Pullman and Whitman County.

¶4 Mr. Hardgrove thereafter was convicted on stipulated facts. He timely appealed to this court.

## ANALYSIS

¶5 This court will treat as verities the trial court's factual findings following a CrR 3.6 hearing if they are supported by substantial evidence. *State v. Hill*, 123 Wn.2d 641, 647, 870 P.2d 313 (1994). "Substantial evidence" is evidence sufficient to convince a fair-minded person of the truth of the finding. *Id.* at 644. The trial court's legal conclusions are reviewed *de novo. State v. Acrey*, 148 Wn.2d 738, 745, 64 P.3d 594 (2003).

¶6 The facts and governing law are not significantly disputed by the parties. The sole significantly disputed question they present is whether the WSU Police Department is a general or limited law enforcement agency. That presents a question of law.

¶7 Prior to the enactment of the Washington Mutual Aid Peace Officers Powers Act, chapter 10.93 RCW, this court concluded that a WSU police officer lacked authority to enforce laws outside of the WSU campus. *Irwin v. Dep't of Motor Vehicles*, 10 Wn. App. 369, 517 P.2d 619 (1974). Since 1985, law enforcement agencies are empowered to contract with each other to provide mutual assistance without regard to normal territorial limitations. RCW 10.93.130. A general authority peace officer can enforce state criminal and traffic laws throughout the state under certain circumstances, which include written consent or a request for assistance from the primary jurisdiction. *See* RCW 10.93.070. A "general authority Washington peace officer" is a commissioned officer who works for a "general authority Washington law enforcement agency." RCW 10.93.020(3).

¶8 RCW 10.93.020(1) defines the latter phrase:

"General authority Washington law enforcement agency" means any agency, department, or division of a municipal corporation, political subdivision, or other unit of local government of this state, and any agency, department, or division of state government, having as its primary function the detection and apprehension of persons committing infractions or violating the traffic or criminal laws in general, as distinguished from a limited authority Washington law enforcement agency, and any other unit of government expressly designated by statute as a general authority Washington law enforcement agency. The Washington state patrol and the department of fish and wildlife are general authority Washington law enforcement agencies.

¶9 In turn, the limited authority agency is defined in RCW 10.93.020(2), which states:

"Limited authority Washington law enforcement agency" means any agency, political subdivision, or unit of local government of this state, and any agency, department, or division of state government, having as one of its functions the apprehension or detection of persons committing infractions or violating the traffic or criminal laws relating to limited subject areas, including but not limited to, the state departments of natural resources and social and health services, the state gambling commission, the state lottery commission, the state parks and recreation commission, the state utilities and transportation commission, the state liquor control board, the office of the insurance commissioner, and the state department of corrections.

¶10 Another definition of interest is found in RCW 10.93.020(9), which states: " 'Primary function of an agency' means that function to which greater than fifty percent of the agency's resources are allocated."

¶11 The parties disagree about the identity of the relevant "agency, department, or division of state government." Appellant contends that the university is the agency, while respondent argues that it is the police department, not the university as a whole, that is the agency. Since the

university spends less than one-half of its budget[1] on police services, Mr. Hardgrove concludes that the WSU Police Department is a limited authority agency. He likens the department to a "subagency" of the university as that term is used in the Open Public Meetings Act, RCW 42.30.020(1)(c).

¶12 While the department may well be a subagency of the university for the purposes of chapter 42.30 RCW, that does not inform on the meaning of the definitions used in RCW 10.93.020. The Legislature has expressed how it wants the chapter interpreted.

> (2) It is the intent of the legislature that current artificial barriers to mutual aid and cooperative enforcement of the laws among general authority local, state, and federal agencies be modified pursuant to this chapter.
>
> (3) This chapter shall be liberally construed to effectuate the intent of the legislature to modify current restrictions upon the limited territorial and enforcement authority of general authority peace officers and to effectuate mutual aid among agencies.

RCW 10.93.001.

¶13 Legislation has also addressed university police forces. The regents and trustees of the respective universities have the authority to create police departments. RCW 28B.10.550. When appointed, the members of the university police departments:

> (1) Shall be peace officers of the state and have such police powers as are vested in sheriffs and peace officers generally under the laws of this state; and
>
> (2) May exercise such powers upon state lands devoted mainly to the educational or research activities of the institution to which they were appointed; and
>
> (3) Shall have power to pursue and arrest beyond the limits of such state lands, if necessary, all or any violators of the rules or regulations herein provided for.

RCW 28B.10.555.

---

[1] Mr. Hardgrove's argument focuses on the WSU budget, but the definition of RCW 10.93.020(9) speaks to "resources" rather than "budget." Whether "resources" equates to "budget" is not a question we need to address.

¶14 While this statute predates chapter 10.93 RCW by a generation,[2] we believe the legislative intent informs our discussion of RCW 10.93.020. RCW 28B.10.555(1) grants university police the same powers as sheriffs and peace officers throughout the state. The next subsection grants authority to act within the department's jurisdiction, consistent with the powers held by other local police agencies. Finally, subsection (3) grants university officers the authority to pursue and arrest offenders beyond the university's boundaries. Since 1949 the Legislature has expressly treated university officers the same as other county and municipal peace officers.[3]

¶15 We believe that in light of the legislative purpose to construe chapter 10.93 RCW broadly to remove barriers to mutual aid, the phrase "agency, department, or division of state government" applies to the law enforcement agency in question rather than to its placement on an agency organization chart. Our conclusion is buttressed by the fact that university police departments are not included in the list of limited law enforcement agencies in RCW 10.93.020(2), and the fact that the authorizing legislation granted university officers powers coextensive with other local law enforcement departments.

¶16 There seems no dispute that the WSU Police Department itself allocates more than one-half of its "resources" to general law enforcement functions. Accordingly, it is a general authority Washington law enforcement agency. RCW 10.93.020(1), (9). As such, it was empowered to enter into the mutual aid agreements with the City of Pullman and Whitman County. As a fully commissioned "general authority Washington peace officer" working for a general authority agency, Officer Kuhrt was authorized by

---

[2] The statute was enacted by Laws of 1949, ch. 123, § 2.

[3] The officers of the state patrol were similarly granted "such police powers and duties as are vested in sheriffs and peace officers generally, and such other powers and duties as are prescribed by law." RCW 43.43.030.

the agreement to make the traffic stop in the City of Pullman. The trial court correctly denied the motion to suppress.

¶17 The judgment is affirmed.

KULIK, C.J., and BROWN, J., concur.

Reconsideration denied March 3, 2010.